Citizens Street Railway Company v. Twiname.

---

No. 11,974.

CITIZENS STREET RAILWAY COMPANY v. TWINAME.

NEGLIGENCE.—*Common Carrier.*—*Street Railway Company.*—*Skill and Care Required.*—A street railway company is a common carrier of passengers, with duties and responsibilities analogous to those of a railway company, and is required to exercise the highest degree of care and skill in the transportation of passengers, by providing suitable tracks, rolling stock, etc., keeping pace with science, art and modern improvements in their application to such transportation.

SAME.—*Defective Tracks.*—A street railway company is guilty of negligence when it attempts to run its cars over a palpably defective place in its track, when by the use of such increased vigilance and care as are practicably available the safety of its passengers is not well assured.

SAME.—*Implied Invitation to Passengers.*—*Contributory Negligence.*—When a duly equipped car is placed upon a street railway track, under circumstances indicating that it is ready to receive passengers and about to proceed on its way for their transportation, an invitation to all suitable persons to enter and become passengers is implied, and the acceptance of such an invitation can not be held to be contributory negligence on the part of a passenger, although he may have knowledge that portions of the track over which he is to be carried are defective, he having a right to presume that all necessary precautions have been taken to secure his safety.

SAME.—*Assumption of Risks.*—*Pleading.*—*Answer.*—In an action against a common carrier for negligence in its transportation of passengers, where an agreement on the part of the plaintiff that he will assume all risks is relied upon as a defence, it must be specially pleaded.

From the Marion Superior Court.

*H. C. Allen* and *F. Winter*, for appellant.

*B. Harrison*, *W. H. H. Miller* and *J. B. Elam*, for appellee.

NIBLACK, J.—This was an action by Louisa B. Twiname against the Citizens Street Railway Company to recover damages for injuries alleged to have been sustained by her while riding on one of the company's cars on the 7th day of May, 1883. The answer was in general denial.

There was evidence tending to show, that at the time the injuries complained of were received the plaintiff resided on Massachusetts avenue, in the northeastern part of the city of Indianapolis; that, on the morning of the day named, she came down on an errand to a wholesale business house on South Meridian street near the union depot; that, after completing her business with the wholesale house, she went across to a point nearly opposite on Illinois street, where she found a Massachusetts avenue street car, belonging to the street railway company, standing on the track, headed in a northern direction, which was the direction in which she

wished to go on her return to Massachusetts avenue; that she entered the car in question, with other passengers, and, after depositing her car fare in the box provided for that purpose, took her seat; that the car soon started northward along Illinois street, where in a short time it came to a place at which employees of the company were digging under and repairing the track; that, at that point, the car was run off or precipitated from the track, by means of which the plaintiff was thrown heavily against one of the seats and then to the bottom of the car; that, sick and faint, she was assisted out of the car; that she was then about to seek other means of conveyance home; that one of the company's employees thereupon insisted that she had better wait until the car should be replaced upon the track, as it would be in a short time, when she could continue on her journey in the same car; that she did so wait for a short time, and until the car was replaced upon the track, when she re-entered it and took a seat; that, after proceeding a short distance, the car again ran off the track, as a result of which she was again thrown heavily down; that on reaching home the plaintiff was in much pain and ascertained to be severely bruised.

There was also evidence tending to show that the plaintiff either must have known, or could easily have seen, that the track was torn up and being repaired at the places at which the car ran off.

There was likewise some evidence tending to prove, that when the plaintiff was about to re-enter the car after it first ran off the track, one of the company's employees warned her not to do so until after it had passed the place at which it went off the second time, and that she refused to heed the warning, but as to that the evidence was seriously conflicting.

The court trying the cause at special term, on its own motion, gave the jury a series of instructions, the fourth and eighth of which were as follows:

" 4. A street car company is a common carrier, and, while it is not an insurer of the safety of its passengers, it is bound

to exercise the highest degree of skill and foresight for the safe carriage of such passengers upon its cars; and this care and foresight must extend not only to the running of its cars, but also to the construction and repairs of its track, and for injuries caused to a passenger, by reason of failure to exercise such skill and foresight, it is liable to such passenger, provided such passenger was not guilty of any negligence directly and materially contributing to produce such injuries."

" 8. Again, it does not necessarily follow that a passenger is guilty of negligence in getting upon a car, even if it be proved that such passenger knew that the track was unsafe. For example, if the car upon which the plaintiff was riding at the time of the accident in controversy was standing upon the track, and she and others were permitted to get on and deposit their fares, this may be considered as sufficient evidence, in the absence of evidence to the contrary, of an invitation by the company to her to take passage, and if she availed herself of such invitation she can not be deemed guilty of negligence in so doing merely from the further fact, if such is the fact, that she knew the track was being replaced or repaired, and was in a dangerous condition; for she had a right to presume, in the absence of knowledge to the contrary, that the defendant had used, or would use, due care to avoid the danger to passengers incident to the dangerous condition of the track—that is, such care as a person of the highest degree of skill and foresight, with knowledge of all the existing facts and circumstances, would probably have used, in view of such dangers, to guard against accidents to passengers by reason thereof.   But if the plaintiff knew that there was a dangerous place in the track, and was warned by the employees of the defendant not to get in the car until after it had gotten over such place, but she persisted, in spite of such warning, in getting in and taking the risk, and after so getting in she received the injuries of which she com-

plains, then she must be deemed guilty of contributory negligence, and can not recover."

A verdict and judgment for the plaintiff followed, and the judgment thus obtained was affirmed at general term.

Questions were reserved, and have been elaborately presented, upon the instructions set out as above.

A railway company is a common carrier of passengers as well as of freight. A street railway company is also a common carrier of passengers, with duties and responsibilities entirely analogous to, and substantially the same as, those of a railway company in the carriage of passengers. Both are railway companies within the usual meaning of that term, and the same general rules and degree of care in the transportation of passengers must be observed by each. Thompson Carriers of Passengers, 26, 442; *Madison, etc., R. R. Co.* v. *Tuffe,* 37 Ind. 361; Hutchinson Carriers, sections 500, 501, 502, 503, 504.

Carriers of passengers are required to exercise the utmost skill and foresight in the performance of their duty as such carriers. See 1 Lacey Digest of Railway Decisions, 412, paragraph 99, and authorities cited; also, *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346, and *Bedford, etc., R. R. Co.* v. *Rainbolt,* 99 Ind. 551.

This is the equivalent of requiring that the highest degree of care and skill shall be used in the transportation of passengers as the rule is stated by many of the decided cases. See, also, Lacey Digest, and the cases there cited.

Railway companies are bound to provide suitable tracks, rolling stock, and all other agencies required by the business which they assume to transact, and in this respect they must keep pace with science, art and modern improvements in their application to the transportation of passengers. Hutchinson, *supra,* sections 524 and 529 ; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264 (54 Am. R. 312) ; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551.

Any neglect of these requirements which results in an injury

to a passenger, against which prudence and foresight might have guarded, renders a railway company liable. 1 Lacey, supra, 412, paragraphs 100, 101, 102, 103 and 110.

There was, consequently, no error in giving the fourth instruction to the jury so far as it related to the requisite degree of skill and foresight. To constitute a person a common carrier he must hold himself out as such. This may be done either by advertising or by engaging in the business of a common carrier, and the general acceptance of employment incident to such business. Thompson Carriers, supra; Hutchinson, supra, section 48.

Having thus held himself out, he incurs certain obligations of a public or general character which can only be met by a proper discharge of the duties devolving upon him as a common carrier. As a consequence, whenever a quantity of goods, or a passenger, by any of the usual methods, comes into the possession of a common carrier to be transported over his line, he, in the absence of any agreement to the contrary, assumes all the responsibility which the law attaches to the particular class of business which he has thus undertaken to perform. If it be a passenger, he impliedly agrees to exercise the utmost or highest degree of skill and foresight usually employed in his line of business for the safe transportation of such passenger.

When a duly equipped passenger train of cars is placed upon a railway track, under circumstances indicating that it is ready to receive passengers, and that it is about to proceed on its way for the transportation of passengers, an invitation to all suitable persons to enter the cars and to become passengers over its line is thereby implied. This doctrine is in principle well sustained by the authorities. 1 Thompson Neg., 307; Nave v. Flack, 90 Ind. 205 (46 Am. R. 205); Terre Haute, etc., R. R. Co. v. Buck, supra.

Where a person thus enters a railway car for the purpose of becoming a passenger, he has the right, in the absence of any stipulation or warning to the contrary, to presume that

all the necessary precautions have been taken for his safe transportation, whatever the condition of the track may in fact be. In such a case, the reasonable inference from the implied invitation to so become a passenger is, that all suitable precautions have been taken, and the acceptance of such an invitation can not be held to be contributory negligence. See again Hutchinson, section 516.

It is a matter of common observation that railway tracks are undergoing frequent, and in many cases constant, repairs, and that travel over them is very seldom suspended on account of ordinary repairs; also, that, by an increased vigilance and care, passengers are usually carried safely over the places at which repairs are being made. A railway company is guilty of negligence when it attempts to run its train of cars over a torn up or palpably defective place in its track, when, by the use of such increased vigilance and care as are practicably available, the safety of its passengers is not well assured, and, for the reasons already given, the same rule is applicable to the management of street railway lines of cars. Our conclusion, therefore, is that the eighth instruction, as applicable to certain features of the evidence in this case, stated the law correctly. Construing both instructions together we see no substantial cause for criticism, much less of complaint.

But the point is also made that the court erred in the concluding part of its fourth instruction in limiting what ought to be considered as contributory negligence to such negligence as may have *directly* and *materially* contributed to the infliction of the injuries complained of. This point is based upon the alleged ground that so high a degree of contributory negligence is not required to defeat an action like the one under consideration.

Beach, in his work on Contributory Negligence, at page 7, says: " Contributory negligence, in its legal signification, is

such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury."

To make such a want of care a proximate cause of an injury, it must, according to this well considered definition, contribute *directly* and *materially* to the infliction of the injury. To constitute it a proximate cause it must, in the nature of things, have some *direct* and *material* relation to the injury, and such has been our construction as to the degree of contributory negligence necessary to defeat an action like this. *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185; *Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301 (30 Am. R. 185); *Nave* v. *Flack, supra.*

As has been stated, there was evidence tending to show that, after the street car ran off the first time, an employee of the Street Railway Company warned the plaintiff not to re-enter the car until after it had passed another point of danger in the immediate vicinity. There was further evidence tending to prove that the plaintiff replied that she had paid her fare and would take the risk. It is insisted, therefore, that the verdict was not sustained by sufficient evidence.

In the first place, conceding that the plaintiff replied as stated, her agreement to take the risk was not made until the contract for her safe transportation had already been broken. In the next place, the witness who testified to having warned the plaintiff, as well as to her reply, was flatly contradicted by other witnesses, thus presenting a case of conflict in the evidence to be passed upon by the jury, and which we can not review. In the third place, when an agreement on the part of the plaintiff to take the risk is relied upon as a defence in the class of actions to which this belongs, the agree-

ment must be specially pleaded. _Louisville, etc., R. R. Co. v. Orr, 84 Ind. 50; Pfaffenberger v. Platter, 98 Ind. 121.

The judgment is affirmed, with costs.

Filed Sept. 27, 1887.