HENRY S. AKERSLOOT, Respondent, *v.* THE SECOND AVENUE RAILROAD COMPANY, Appellant.

In an action to recover damages sustained by plaintiff by reason of an injury to his son, a child about five years old, while attempting to get on one of defendant's cars, the following facts appeared: Said infant was in charge of K., a female of mature years. The car was an open summer car, having steps on the side. K. testified that the car stopped, and after she had stepped into it with the boy, holding him by the hand, before she could sit down the conductor gave the signal to go ahead and the car started with a jerk, throwing her on a seat and the boy into the street, causing the injury complained of. *Held* (EARL, Ch. J., FINCH and GRAY, JJ., dissenting), that the evidence was sufficient to warrant the submission of the question of defendant's negligence to the jury; that it was the duty of the conductor to see that a passenger lawfully entering the car was in a place of safety before giving the driver a signal to proceed.

(Argued December 18, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 14, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages resulting from injuries to plaintiff's infant son, alleged to have been caused by defendant's negligence.

The following is the prevailing opinion in full :

" There was sufficient evidence to go to the jury upon the issue of defendant's negligence. The jury could properly give credence to the testimony of the witness Kerkow, who was in

a better position to know just how the accident occurred than any other person examined upon the trial. If she was to be believed, the conductor signalled to the driver to go ahead before she had reached a place of safety upon the car with the plaintiff's five year old child, and the car immediately started with a jerk, which threw her upon the seat and the child into the street and under the car, where his right leg was so crushed that amputation of a portion thereof became necessary.

" The starting of the car was under the control of the conductor. It was his duty to see that a passenger, lawfully entering the car, was in a place of safety . before giving the signal to the driver to proceed. The car was an open summer one, with seats running crosswise, and a place between the seats at the sides for the passengers to enter by means of steps running the entire length. If the car started as the plaintiff's child and its attendant reached the topmost step, which was on a level with, and a part of, the floor of the car, there would be danger that the sudden motion imparted to it, while they were in that position, would throw one or both of them to the ground, or otherwise cause them injury, and the defendant owed them a duty, in this respect, which the jury may have found was disregarded by their agents and servants who then had charge and control of the car and its movements.

" The judgment should, therefore, be affirmed, with costs."

*Payson Merrill* for appellant.

*Franklin Bartlett* for respondent.

MAYNARD, J., reads for affirmance.

All concur, except EARL, Ch. J., FINCH and GRAY, JJ., dissenting.

Judgment affirmed. _____