## West Chicago Street Railway Company v. Malvina Craig.

1. COMMON CARRIERS—*Safety of Passengers.*—Common carriers, while not insurers of safety, are, so far as human care and foresight can go in ways consistent with the notice of the business to be done, to provide for the safety of passengers.

2. VERDICTS—*Excessive Damages.*—Juries in personal injury cases

against corporations are prone to award large damages, but the Appellate Court can not disturb them unless it can say that they are the result of passion or prejudice.

3. DAMAGES—*In the Trial Court.*—If the damages awarded by the verdict of a jury appear unwarranted in amount, the trial judge should set aside the verdict, unless a remittitur is made so as to bring the amount within his approval. The Appellate Court can judge only by the record, and must find in it sufficient reason for interfering with the action of the trial court.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

## STATEMENT OF THE CASE.

This is an action by Mrs. Melvina Craig to recover damages for injuries alleged to have been sustained by reason of the negligence of the West Chicago Street Railroad Company. It appears from the record that on the morning of the 8th of October, 1891, the plaintiff went from her home in Downer's Grove to Chicago to do some work for her sister-in-law, Mrs. Robbins, who lived at 800 West Madison street. With a two year old baby and a bundle in her arms she walked from the Union depot to the corner of Madison and Jefferson streets, where she boarded a Madison street car going west. She was well inside the car, which was a closed one with seats running along the side, and was about to sit down, when the car started and she was thrown down on the floor, striking her left hip and head, and sustaining, as she alleges, serious internal injuries. She proceeded to 800 West Madison street, remained there four days, and then returned to Downer's Grove.

EDMUND FURTHMANN and VAN VECHTEN VEEDER, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We are strenuously urged, with able and ingenious argu-

West Chicago St. Ry. Co. v. Craig.

ment, to enunciate in this case a new rule of law based upon the imperative demand of the public for rapid transit. If, we are told, street cars are not to start until passengers are seated, it is manifest that much more time than is now occupied will be consumed in going to and fro in the city.

We have no doubt of this. We recognize the wish of the public and the effort of the defendant to satisfy it.

Nevertheless, the rule remains that common carriers, while not insurers of safety, are, so far as human care and foresight can go in ways consistent with the nature of the business to be done, to provide for the safety of passengers. Hutchinson on Carriers, Sec. 498.

If, then, it is asked, the starting of a car before the passenger has reached a seat is necessary in order to reach destinations at the time demanded and promised, must the company respond in damages to one who, by such starting, is thrown down and injured?

Not if human care and foresight could not have prevented such injury, it may be answered.

But has the defendant established in this case that by no human prudence could it have saved the plaintiff from falling? Is it not reasonable to believe that if the defendant had placed in its car a servant, whose sole duty it was to assist passengers to seats and to keep them from falling until seated, the accident now under consideration would have been avoided?

Whether this or any other means for safety was practicable is not for us to say; it is sufficient for the purposes of this case that appellant has not shown that it did all that, consistent with its business, human foresight and care could have done, to insure plaintiff's safety.

The damages awarded in this case, seem, under the evidence, to be large. That the injuries of appellee are not exaggerated, we are by no means convinced, or that the symptoms of which she now complains are to be attributed to her fall, we are not satisfied.

This court is not the tribunal to which the determination of these matters is committed.

While we know that juries in cases of this kind are prone to award large damages against corporations, we can not reverse on this account the judgment by the plaintiff recovered. We can not in this case say that the verdict was the result of passion or prejudice. There is evidence tending to show that the injuries of the plaintiff resulting from the accident are of a serious and permanent nature.

The judge before whom this cause was tried had a much better opportunity than we have to determine whether the damages awarded are excessive.

By entering judgment upon the verdict of the jury he has made its action effective.

If the damages given seemed to him unwarranted in amount, he should have set the verdict aside unless a remittitur were made, so as to bring the sum within his approval. We, who can judge only by the record here presented, find in it no sufficient reason for interfering with the action of the trial court.

We do not agree with counsel for appellant in their criticism of the action of the court below in giving and refusing instructions. The request to give the following might properly have been granted, although its substance is found in others that were given:

"10. In this case you may properly find, inquire, and from the evidence determine, how, in fact, the plaintiff came to be injured, if you find she was injured. She claims that while she was a passenger on one of the defendant's cars, and was walking to a seat in the car, defendant, without giving her a reasonable time to be seated, carelessly, negligently and suddenly started the car with a violent jerk, whereby she was thrown down and injured, and this the defendant denies.

The burden is upon the plaintiff to show, by a preponderance of the evidence that, in fact, she was thrown down and injured, as she alleges in her declaration, and unless you, from the evidence, find that she was thrown down and injured as charged in the declaration, you must find the defendant not guilty."

The judgment of the Circuit Court is affirmed.