termined upon the language of the will and the circumstances surrounding the testator, aided by the light which adjudged cases sometimes throw upon such language and circumstances. Wiltsie v. Shaw, 100 N. Y. 191, 3 N. E. 331. In the case cited, the testator died, leaving personal property exceeding $50,000 in value over all indebtedness, besides certain real estate. By his will, after making bequests amounting to $1,100, he gave to his executors $20,000, in trust to invest said sum in the best securities they could obtain, and to use the income for the benefit and maintenance of the testator's son during his life, and upon his death to pay over the principal. The residue of his estate, real and personal, he gave to another party. It was held that the legacies were not charged upon the real estate of the testator, the court saying:

"It is clearly not sufficient that the legacy is directed to be paid. The cases all involve something more,—a direction that it be first or previously paid, or the residuary devise is after its payment, or is to a person with directions to pay, or is of all not herein otherwise disposed of."

The language of the will in question does not seem to come within the rule which is above laid down. "After the bequests and provisions above mentioned" does not seem to be any stronger than the words "all the rest, residue, and remainder." It is to be observed, also, that, shortly after making the will in question, the testator had personal property sufficient to meet all the legacies therein contained, and that in consequence of ill health, which prevented him from continuing his business, and required him to use part of this personal property for living expenses, such personal property was so reduced at the time of his death as not to be sufficient to meet the legacies. Under these circumstances, the deficiency was not so great and obvious as to preclude any possible inference that the testator did not realize it, or that he might have intended before his death to make up the deficiency. The evidence shows that, shortly after making the will, the deficiency was actually made up; bringing the case clearly within the principle expressed in Briggs v. Carroll, su⁻ ra.

The judgment should be affirmed, with costs. All concur.

---

### BLACK v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

NEGLIGENCE—CABLE CARS—EVIDENCE.

Negligence on the part of those in charge of a cable car cannot be inferred merely from the fact that as plaintiff was about to take his seat he was thrown to the floor by the sudden starting of the car, there being no evidence that any unnecessary or unusual force was applied by the gripman.

Appeal from superior court of New York City, jury term.

Action by James Black against the Third Avenue Railroad Company to recover for injuries sustained through the alleged negligence of defendant. From a judgment entered on a verdict in

favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. ˙Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

H. L. Scheuerman, for appellant.
A. G. Vanderpoel, for respondent.

PATTERSON, J.    This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff in an action tried in the superior court of the city of New York, and from an order denying the plaintiff's motion for a new trial.   T he action was for damages for personal injuries claimed to have been sustained by the plaintiff while a passenger on one of the defendant's cars.   It was shown in evidence that on the 14th of February, 1894, at about 4 o'clock in the afternoon, the plaintiff did enter one of the defendant's cars at Third avenue and Forty-Second street, in the city of New York, and that, when about taking a seat, the car started, and the plaintiff was thrown to the floor.   He alleges that the servant in charge of the appliance by which the car was started so negligently and unskillfully used the same (referring to the grip, by which a moving cable is caught and attached to the car, and which furnishes the motive power thereof) as to cause a sudden and unnecessary and violent jerk in its starting, in consequence of which the plaintiff was thrown, and suffered the injuries he complains of.   A perusal of the testimony as it appears in the printed case shows an utter want of proof to establish the allegations of the complaint respecting the cause of the accident. There is not one word of testimony to show any unskillfulness or negligence of the company's servant in charge of the appliance by which the movement of the car was controlled.   All that is said is that the car started with a violent jerk.   No testimony whatever was given respecting the manner of starting a cable car, nor what is the character of the motion ordinarily produced by the attachment of the grip to the cable, nor anything respecting the character of the motion first imparted by the running cable to the car at the instant the motion of the car begins.   It was sought inferentially to establish that, by reason of the plaintiff's falling when the car started, it necessarily must have been because of something unusual and excessive in applying the motive power, and hence negligence. There is nothing whatever to show what was the fault of any of the defendant's servants in operating the car.   It cannot be said that there was any neglect on the part of the conductor in giving the signal to start.   The plaintiff entered with a party consisting of himself, his wife, a Mrs. Whitaker, a Mr. Kirk, and several children.   They all appear to have been seated, except the plaintiff, when the car started.   In what attitude the plaintiff was standing, how his body was balanced, or whether he was not in such a position that any motion of the car on starting would have caused him to lose his balance, does not appear.   The whole of the plaintiff's case seems to depend upon a mere characterization of the

motion, by himself and his wife and another witness, as a violent jerk, which, as before said, is in no wise distinguished from the ordinary initial force of movement of a cable car when started. The case, therefore, is destitute of proof on the subject of negligence on the part of any of the defendant's servants in starting the car, and especially of any proof of the particular act of negligence ascribed in the complaint as the cause of the accident. There are many other errors appearing upon the record before us, but, in view of the total failure of proof on the subject of negligence of the defendant's servants, it is unnecessary to consider them.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.