Metropolitan West Side El. R. R. Co. v. Annie Kersey, by her Next Friend, etc.

| 80 | 301 |
| 95 | ¹318 |

1.   NEGLIGENCE—*Of Person in Charge of a Child Not to be Imputed to the Child.*—Where the negligence of a man standing upon a street car platform with a child contributed to the child's injury, his negligence can not be imputed to the child to bar her a recovery, based upon the negligence of the railway company.

2.   DAMAGES—*When $2,000 is Not Excessive.*—Where a five-year-old

child received an injury consisting of a simple fracture of the thigh bone, and the limb, after being kept in a plaster cast and held by stirrup and weights for four or five weeks, was permanently shortened to a slight extent, and after two years still caused pain and weakness in the limb, $2,000 is not excessive.

**Action on the Case,** for personal injuries.   Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Verdict for plaintiff.   Appeal by defendant.   Heard in this court at the October term, 1898.   Affirmed.   Opinion filed February 23, 1899.

The plaintiff in error herein, at the time of the injury in question, was a common carrier of passengers and operated a system of elevated railroad lines through the city of Chicago.   On December 18, 1895, the defendant in error, Annie Kersey, at that time of the age of five years, was in charge of William and Jessie Garth.   They had been spending the evening with some friends and were on the elevated platform at Marshfield avenue station for the purpose of transferring from the main line to the branch line.   A train consisting of a motor car and trailer approached and stopped, and the gate was opened by the guard to admit passengers. It was a stormy, rainy night, and the platforms of the cars were wet.   Mr. Garth, who had the child by the hand, got on the platform of the trailer; the child followed him While they were still on the platform, and before they had entered the car, the guard closed the gate and gave the signal to go ahead.   In order to enter the motor car it was necessary to step upon the front platform of the trailer and then step over the space between that car and the motor car on to the rear platform of the motor car.

There is some dispute as to the exact manner and order of entering the train by the party.   But it is undisputed that Garth and the child, defendant in error, were still upon the front platform of the trailer and in the act of crossing over to the motor car when the train started.   As they crossed over, the defendant in error fell between the two cars to the structure below and was injured.   It is also undisputed that the guard or conductor, who gave the signal to start, was aware of the presence of Garth and the child

upon the platform, when he caused the train to start forward.

As to whether the train started in the ordinary manner or with an unusually sudden and violent jerk, is controverted. There was evidence tending to show that as the train started the space between the cars was widened upon the side where Garth and defendant in error were undertaking to cross, and that this widening of the space upon that side was caused by a curve in the tracks.

The first count of the declaration alleged that the defendant negligently caused the train to start with a sudden and violent jerk while the plaintiff was on the platform of the train, and before she had entered a car, thus causing her to fall between the two cars.

The second count of the declaration alleged that while she was passing from one platform to the other, the defendant carelessly and negligently started the train, and plaintiff was precipitated between the ends of the cars and upon the structure beneath.

The trial resulted in a verdict for defendant in error, by which her damages were assessed at $2,500. After a remittitur of $500, judgment was entered upon that verdict.

IRA C. WOOD and ADDISON L. GARDNER, attorneys for plaintiff in error; W. W. GURLEY, of counsel.

J. WARREN PEASE, attorney for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

If it may be declared by a jury to be negligence to start a train under the circumstances here surrounding, while a passenger of tender years was known to be still upon the platform of the car and had not yet entered the car, but was proceeding so to do, then under the second count of the declaration the evidence clearly sustains the verdict. Petrie, who was conductor of the train and stood upon the platform in question, testified:

"After I closed the gate I turned to the trailer car to announce to the passengers the next station. Before that I

had rung the signal to go ahead, and the train had started. The door of the trailer car was open. All the passengers were not seated. There were some standing up. There was no passenger standing inside the coach, only this lady that got on. The man and the little girl were on the platform. I knew there was a man on the platform with a little girl, holding the little girl's hand. I didn't turn around to observe where they were going or what they were doing. I looked due south to see that nobody else got on the train. I didn't just at that time look around to see what that man and the little girl were doing. I knew they were standing there on the coach platform, next to me. It was a rainy, drizzly night; not such a night that people stand out on railroad platforms with little girls. I thought he was going to try to get into some car. I knew he had not got into any car; that he was still standing on the platform. He was standing back of me; I didn't look at the time to see whether he was moving or not. After I had called the name of Madison street as the next station, then I turned and then is when I caught a glimse of the little girl falling. * * * The man had not had time to go in the train."

The testimony of this witness, who was called by plaintiff in error, was uncontroverted.

We can not say that the jury were not warranted by the evidence in finding that the plaintiff in error, through its conductor, was guilty of such a lack of care in relation to defendant in error, its passenger, as made it liable for the injury which resulted. C. & A. R. R. v. Arnol, 144 Ill. 261; N. C. St. R. R. v. Cook, 145 Ill. 551; W. C. St. Ry. Co. v. Craig, 57 Ill. App. 411.

The negligence of Garth, if he was negligent, can not be imputed to defendant in error to bar her from a recovery based upon negligence of plaintiff in error. Chi. C. Ry. Co. v. Wilcox, 138 Ill. 370.

The jury were warranted by the evidence in finding that his negligence, if any, was not the proximate cause of the injury to defendant in error, but that the negligence of plaintiff in error was such proximate cause. Nor can any contributory negligence be attributed to this child of five years of age by reason of her own conduct. The C., St. L. & P. R. R. Co. v. Welsh, 118 Ill. 572; Chi. W. D. Ry. Co. v. Ryan, 131 Ill. 474.

The only complaint as to matters of procedure are directed to the refusal of the trial court to strike out an answer by the witness, Lanfield, and the giving of the first, second and third instructions tendered by the counsel for defendant in error.

The answer of the witness to which objection was made, was as follows: "They rang the bell and the car went and gave such a terrible jerk." It is true that the description would give no very precise information to the jury as to the suddenness and violence of the jerk, but it was explainable and was explained upon further examination. We do not regard the refusal of the court to strike it out as reversible error.

The instructions noted are objected to because they do not present to the jury the questions of contributory negligence and proximate cause.

No question of contributory negligence was involved, and neither litigant requested any instruction touching contributory negligence. The plaintiff in error tendered sixteen instructions, all of which were given as presented, and they very fully and clearly informed the jury that there could be no recovery if the injury was not caused by negligence of plaintiff in error, but was caused by negligence of Garth or by any other cause. In other words the jury were directed that there could be no recovery unless negligence of plaintiff in error was the proximate cause of the injury. We find no error in the instructions.

It is urged that the damages are excessive. The injury consisted of a simple fracture of the thigh bone. In treatment the limb was kept in a plaster cast and held by stirrup and weights for four or five weeks. There is a permanent but very slight shortening of the limb—about a quarter of an inch in extent. The mother of the defendant in error testified that at the time of the trial, more than two years after the injury, the child was still troubled by pain and weakness in the limb.

We can not say that the judgment is excessive in amount. The judgment is affirmed.