## CITIZENS STREET RAILWAY COMPANY v. MERL.

[No. 3,271.   Filed February 20, 1901.]

STREET RAILROAD.—*Signaling Car.*—*Passenger.*—Slacking the speed of a street car in response to a signal from a person who is at a place where passengers are received is an invitation to such person to enter the car and become a passenger, and, if the person attempts to enter the car, the moment he steps upon the running-board or step of the car he is entitled to all the rights of a passenger. *p. 287.*

TRIAL.—*Refusing Instructions.*—*Error.*—The refusal to give an instruction that is fully covered by other instructions which are given and are as favorable to the party making the request as the one refused, or the refusal to give an instruction that is not applicable to the facts proved, is not error. *pp. 287, 288.*

SAME.—*Instructions—Construed as a Whole.*—Each instruction is to be considered in connection with all the other instructions given, and if they together clearly and correctly state the law applicable to the evidence, they are sufficient. *p. 288.*

SAME.—*Omission of Fact Found.*—The omission to state in an instruction a qualifying fact which the jury specially found to be true was harmless. *pp. 289, 290.*

STREET RAILROAD.—*Negligence.*—*Getting On Moving Car.*—A person who gets on a street car that has slackened its speed at a crossing in obedience to his signal while it is still in motion has a right to rely on the watchfulness and care of the conductor to avoid starting the car again before he has reached a place of safety, and he is not bound to anticipate a collision with a trolley pole while moving along the running-board to reach a seat, although the car is running on the wrong track with the side he is on next to the poles. *pp. 290, 291.*

CARRIERS.—*Duty to Trespasser.*—A common carrier owes a trespasser upon its passenger car no protection against negligence, and owes him only reasonable care to avoid injuring him when his presence and his own inability to avoid injury are known to it. *p. 292.*

From the Marion Superior Court. *Affirmed.*

*F. Winter, S. N. Chambers* and *W. H. Latta,* for appellant.

*C. A. Dryer,* for appellee.

WILEY, J.—Appellant owned and operated a system of street railway lines in Indianapolis. One of its lines was on Washington street, and consisted of a double track thereon, and poles between the tracks upon which the electric wires were attached. Appellant was repairing its tracks on East Washington street, and, on account thereof, a portion of the north track between Highland avenue and Cruse street was torn up and the cars could not run thereon. It became necessary on account of this condition of the north track to switch the westbound cars to the south track, and run them on the south track past that part of the north track that was being repaired. The cars when thus running on the south track had to be entered by persons desiring to be carried thereon from the north side, that being the side next to the poles between the tracks. Appellee desired to enter a westbound car as a passenger. He presented himself at a place along the line where cars usually stopped to take on and discharge passengers, and signaled the motorman of an approaching car, which was an open summer car, said car being equipped with a running-board, or platform, running horizontally along the north side of the car, which was used by persons entering and alighting. After he had signaled the motorman that he desired to take passage, the motorman "slowed up" the car until it came nearly to a stop. He then stepped upon the running-board near the front end of the car and found the seats on the front end and middle of the car crowded with passengers, and he was compelled to go to the rear end of the car to obtain a seat, or standing

room. As soon as he stepped upon the running-board, the car was started up rapidly and suddenly forward and was soon under full headway. While he was attempting to go to the rear of the car to obtain a seat, and while walking on the running-board, without any fault on his part, and without any warning from the servants in charge of the car, he was struck in the back and head by coming in contact with one of the poles above described, and was injured. These facts are all pleaded in the complaint.

A demurrer to the complaint was overruled; the case was put at issue by an answer in denial; trial by jury, resulting in a general verdict for appellee. The jury also made a special finding of facts by their answers to interrogatories. Appellant moved for a new trial and for judgment on the answers to interrogatories, and these motions were overruled.

While all these adverse rulings are assigned as errors, they are all waived by a failure to discuss them, except as to the overruling of the motion for a new trial; and the argument of counsel upon such ruling is addressed solely to the giving and refusing to give certain specified instructions. We will dispose of the questions thus raised in the order of their discussion.

Counsel for appellant, at the proper time, tendered a series of instructions and requested that they be given to the jury. The court refused to give the third, fourth, fifth, eighth, tenth, and eleventh, and counsel urge that in such refusal the court erred.

By the third instruction the court was requested to say to the jury that employes of the company in charge of a car are not bound to anticipate that persons who are not at the proper place to take passage are intending to get upon the car while it is in motion between stopping places, and such employes are not bound to keep a lookout to prevent such persons who may so jump upon the car from being injured by coming in contact with obstructions while in the act of getting on the car. If we concede this instruction to state

correctly an abstract proposition of law, yet it was not error to refuse it, for two reasons: (1) Because it was not applicable to the facts, and (2) because the court gave other instructions on its own motion embodying the same subject-matter, and upon the whole as favorable to appellant as instruction number three tendered by it. Appellant defended upon the theory that appellee got upon its car at a point where the car did not and was not compelled to stop to receive passengers, and that he did not on account thereof become a passenger, and that it owed him no duty as a passenger. This theory, however, is completely overthrown by the finding of the jury that appellee went to a point on the line of the road where cars stopped to receive and discharge passengers; that he signaled the motorman to stop; that the car was brought nearly to a stop; and that he thereupon got on the running-board of the car, and was attempting to enter the car to find a seat when he was injured. The slackening of the speed of the car on the signal given by appellee, he being at a place where passengers were received, was an invitation to him to enter the car and become a passenger. *Conner* v. *Citizens St. R. Co.,* 105 Ind. 62, 55 Am. Rep. 177; *Citizens St. R. Co.* v. *Spahr,* 7 Ind. App. 23.

Instruction number four tendered by appellant embraced substantially the same proposition as number three; except it contained an additional statement relating to appellee's own negligence. That part of the instruction relating to appellee getting on the car between crossings is not applicable to the facts, as we have seen, and that part of it relating to appellee's negligence is fully covered by instruction numbered twenty given by the court. That part of the instruction is as follows: "Negligence of the defendant in running past the plaintiff upon the street, whether he had signaled or not, or whether he was at a station for receiving passengers or not, would not authorize or make it right for the plaintiff to commit an act of negligence in getting upon the car to prevent being left behind. And if you are of the

opinion that at the time of his accident plaintiff voluntarily threw himself upon a known or perfectly apparent danger, or assumed a perfectly clear or palpable risk, he can not now recover damages of the defendant, even though the servants of the defendant were also negligent." This part of the instruction was at least as favorable to appellant as the one the court refused, and is certainly a plain and correct statement of the law.

The court did not err in refusing to give instruction number five tendered by the appellant. The first part of the instruction is objectionable because it is not pertinent to the facts. That part of the instruction which properly stated the law relating to what would constitute negligence on the part of the appellee was fully covered by other instructions.

The eighth instruction tendered by appellant contained a correct statement of the law; but there was no error in refusing to give it, because the same subject-matter was fully covered by other instructions. That reversible error can not be predicated upon the refusal to give an instruction that is a clear and correct statement of a proposition of law, where the same has been substantially embodied in another or other instructions, is well settled by the authorities.

By its tenth instruction, appellant asked the court to explain to the jury what would constitute negligence on the part of its servants in charge of the car, under the circumstances as they then existed. This instruction correctly stated the law; but it was not error to refuse it, for, taking the instructions as a whole, they fully and amply explained to the jury what would and what would not constitute negligence on the part of appellant's employes.

The fourth instruction given by the court of its own motion, and of which appellant complains, is as follows: "Before the plaintiff is entitled to recover he must establish three things by a fair preponderance of the evidence: (1) That he received the injuries or some part thereof alleged in his complaint; (2) that the carelessness and negligence

of the defendant company, its agents, or servants, were the proximate cause of said injuries; (3) that he himself was free from any carelessness or negligence which contributed to said injury. If he has established by such preponderance of the evidence all three of said propositions, then he would be entitled to recover in this action; if, however, plaintiff has failed to establish either one of said propositions by such preponderance, then he is not entitled to recover."

We are unable to see any objection to this instruction, and counsel for appellant have not suggested any that possess merit. It is urged that the instruction is erroneous when taken and considered in connection with the fifth and sixth given by the court. In the fifth, the court told the jury that negligence, whether on the part of appellant or appellee, was the failure to do, or the doing, of some act or thing which, under the circumstances, it was the duty of the parties to do or to leave undone. In the sixth instruction, the court told the jury that a street railway company engaged in carrying passengers was not an insurer of the safety of passengers, was bound to exercise the highest degree of care, diligence, and skill practicable under the circumstances for the safety of its passengers consistent with its business and the mode of conveyance employed. This last instruction proceeds at length, after stating the abstract proposition of law quoted, to apply it to the facts pleaded in the complaint as related to the acts of appellant and appellee, and then states that if the jury find that appellee established such facts by a preponderance of the evidence, and he himself was free from fault, he could recover. Taking the three instructions together, they make a clear, succinct, and correct statement of the law, and are not subject to just criticism.

Special complaint is made against the sixth instruction given by the court, because it omits to make any statement

that appellee signaled the car to stop at a regular crossing or stopping place. The instruction would have been strengthened by such statement, but, when considered in connection with all the instructions given, we cannot say there was any error in giving it. This is manifestly true in view of the fact that the jury found that appellee signaled the car to stop at a regular place for taking on passengers. The jury could not possibly have been misled by it.

In instruction number seven, the court told the jury that it was not necessarily negligent for a passenger to get upon a street car, even though he knew the track was being repaired, or that there were iron poles in close proximity to the track, on the side of the track on which he was about to enter, for if the car stopped or slackened its speed at his signal, and he was allowed to get on the running-board, such acts on the part of the company were an invitation to the person to take passage; and that he had a right to presume that the company would use due care to avoid danger to passengers incident to the dangerous condition of the track and the close proximity of the poles thereto; that the passenger had a right to assume that the company's employes would warn him if in any danger, and that they would exercise such care as a person of the highest degree of skill and foresight, with knowledge of the existing circumstances, would use, in view of such dangers, to guard against accidents to passengers by reason thereof. This instruction is not subject to the objections urged against it. When a person desires to take passage on a street car, and signals such car, indicating his intention, if such person be at a point or place on the line where such a car is required to stop to receive passengers, if the car is stopped or its speed slackened, the company thus extends an invitation to such person to become a passenger, and he has a right to enter. He becomes a passenger under such circumstances as soon as he steps upon the running-board or steps of the car, and

the company is bound to treat him as a passenger. This proposition presupposes the fact that the employes in charge of the car are aware of the facts stated. See *Citizens St. R. Co.* v. *Twiname,* 111 Ind. 587, 590; *Conner* v. *Citizens St. R. Co.,* 105 Ind. 62; *Barth* v. *Kansas City R. Co.,* 142 Mo. 535; Booth's St. Ry. Law, 328; *West Chicago, etc., Co.* v. *James,* 69 Ill. App. 609; *Anacostia, etc., R. Co.* v. *Klein,* 8 App. Cas. (D. C.) 75.

A person about to take passage upon a street railway car, he himself being without fault, has a right to rely upon an opportunity being given him to enter it in safety, or of being notified of any apparent danger foreseen by employes. *Citizens St. R. Co.* v. *Merl,* 134 Ind. 609; Thompson on Carriers, 233. See, also, *Louisville, etc., R. Co.* v. *Lucas,* 119 Ind. 583, 6 L. R. A. 193; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330.

It is also well settled that carriers of passengers are required to give passengers ample or reasonable time to get on and off cars. *Akersloot* v. *Second Ave. R. Co.,* 131 N. Y. 599, 30 N. E. 195, 15 L. R. A. 489; *Steeg* v. *St. Paul City R. Co.,* 50 Minn. 149, 52 N. W. 393, 16 L. R. A. 379; *West Chicago, etc., R. Co.* v. *Craig,* 57 Ill. App. 411; *De Rozas* v. *Metropolitan, etc., R. Co.,* 43 N. Y. Supp. 27.

In instruction number ten the court told the jury that if they found that appellee signaled the car, and that its speed was slackened at or near a crossing where appellant was accustomed to receive passengers, and that it was apparently safe for him to board the car, that it was not necessarily negligence, as a matter of law, for him to attempt to get on the car while it was in motion. It also told the jury that appellee had a right to rely upon the watchfulness and care which it was the duty of the conductor to bestow towards persons about to take passage, and that he was not bound to anticipate that the car would start rapidly, or that he might be thrown against the pole, etc. It is only to the latter part of this instruction that objection is made.

In the case of *Citizens St. R. Co.* v. *Twiname,* 111 Ind. 587, an instruction substantially like this one was approved. We have no doubt it correctly states the law. When a person enters a street car as a passenger, it is the duty of the conductor in charge of the car to see that he is in a place of safety before he gives the signal to start. *Akersloot* v. *Second Ave. R. Co.,* 131 N. Y. 599. See, also, *Dochtermann* v. *Brooklyn, etc., R. Co.,* 52 N. Y. Supp. 1051; *Steeg* v. *St. Paul City R. Co., supra.*

Without quoting instruction number thirteen, of which appellant complains, we are clearly of the opinion that, considered with other instructions, and as applied to the facts found, there was no error in giving it. In its fifteenth instruction the court told the jury that if they found that appellee got on the car at a place other than a proper stopping place, while the car was in motion, and without the knowledge of the employes in charge of the car, he could not thus become a passenger; and that under such facts, if the employes, after they learned such facts, immediately attempted to stop the car to prevent an injury to him, by using the care and diligence required by law, then appellant would not be chargeable with negligence, and their verdict should be for the appellant.

Counsel for appellant urge that this instruction is erroneous because it says that it was the duty of the company to exercise the highest degree of diligence toward a trespasser after he is discovered, and cite *Parker* v. *Pennsylvania Co.,* 134 Ind. 673, 23 L. R. A. 552. We are unable to see how such a construction can be put upon the instruction.

The rule in this State is that a common carrier owes a trespasser no protection against negligence and owes him only reasonable care to avoid injuring him, when his presence and his own inability to avoid injury are known to it. This proposition is sustained by the very case cited by appellant: *Parker* v. *Pennsylvania Co., supra.* And that is the sum and substance of the instruction.

But aside from this, the jury found facts which show that appellee was not a trespasser.   We are unable to find anything in the instructions which appellant has discussed that could possibly have misled the jury, or which is an erroneous statement of the law.   We are not impressed that there is any merit in this appeal, and as appellant has not called our attention to any reversible error, the judgment is affirmed.