HARTY v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. STREET RAILWAYS—INJURY TO PASSENGER—VIOLENT STARTING OF CAR.

Evidence that a passenger on an electric street car—a woman 75 years old—was thrown down while standing in the aisle, about to take a seat, because of an unusual, violent forward lurch of the car in starting, is, in the absence of evidence of contributory negligence, sufficient to go to the jury on the question of the company's negligence.

Appeal from Queens County Court.

Action by Ann Harty against the New York & Queens County Railway Company. From a judgment dismissing the complaint at the close of plaintiff's evidence, she appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Melville J. France, for appellant.
I. R. Oeland, for respondent.

WILLARD BARTLETT, J. The evidence in this record is sufficient to sustain a finding that the plaintiff, a lady 75 years of age, who had taken passage upon one of the defendant's electric cars, was thrown down and injured, while standing in the aisle and about to take a seat, in consequence of a violent forward lurch of the car, in starting—different from the usual movement incident to the starting of a trolley car. There was nothing in the proof to suggest any want of care on the part of the plaintiff herself, contributing to the accident. Under these circumstances, the question of the defendant's negligence should have been submitted to the jury. Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051, affirmed 164 N. Y. 586, 58 N. E. 1087; Hassen v. Nassau Electric R. R. Co., 34 App. Div. 71, 53 N. Y. Supp. 1069; Plum v. Metropolitan Street Railway Co., 91 App. Div. 420, 86 N. Y. Supp. 827.

In dismissing the complaint the learned county judge expressly based his action upon the authority of Ayers v. Rochester Railway Co., 156 N. Y. 104, 50 N. E. 960. In that case, however, it expressly appeared that the alleged injury suffered by the plaintiff was not due to starting the car. It occurred in consequence of the passage of the car from a curve onto a straight track. There is nothing in that decision which questions the correctness of the opinion of Mr. Justice Cullen in the Dochtermann Case, or disputes the proposition that negligence may be predicated of the violent starting of a street railway car in an unusual manner.

The other cases upon which the respondent relies are also distinguishable from the case at bar. In Nelson v. Lehigh Valley R. R. Co., 25 App. Div. 535, 50 N. Y. Supp. 63, the passenger was thrown from a chair in a dining car on a steam railroad while the train was rounding a curve. It appeared that the chair was such as had for years been used in dining cars with safety, and that the lurch given by the train did not prevent other passengers from keeping their seats, or even throw off light articles which were resting upon the

table; and, under these circumstances, it was held that the accident did not warrant a submission to the jury of the question of the defendant's negligence, or entitle the plaintiff to invoke the maxim res ipsa loquitur. In Hayes v. Forty-Second St., etc., R. R. Co., 97 N. Y. 259, the plaintiff was thrown off the front platform of one of the defendant's street cars by a sudden movement of the car, but it was not shown that the driver of the car had started the horses in any unusual or negligent manner. Judge Finch pointed out in the opinion that the plaintiff did not so testify, although he stood where it was possible for him to see and observe. There was nothing but the statement that the car "gave a sudden movement," and this was declared to be entirely consistent with the supposition that, having been still, the horses were started in a careful and prudent manner. In the present case, however, there is distinct evidence, brought out by counsel for the defendant upon cross-examination of one of the plaintiff's witnesses, to the effect that the movement of the car was a pretty quick movement forward, and was unusual. The lurch or jerk which threw the plaintiff down was also characterized by one of the witnesses, without objection, as a "terrible" lurch. In Black v. Third Avenue R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830, there was also an omission to prove any unusual movement of the car. In Bradley v. Second Avenue R. R. Co., 90 Hun, 419, 35 N. Y. Supp. 918, the contention of the plaintiff was that defendant's driver was guilty of negligence in suddenly applying the brake so as to cause the car to give a violent jerk, which hurled the passenger over the dashboard, and the reversal was based largely upon the view that the evidence was insufficient to sustain this theory of the accident.

The case before us is differentiated from any of those which might otherwise sustain the defendant's position by proof tending to show not only that the forward lurch or jerk which threw the plaintiff down was violent in its character, but also that it was of an unusual nature —not such as is incident to the ordinary operation of an electric trolley car. This difference, in my opinion, entitled the plaintiff to have it submitted to the jury.

Judgment of the County Court of Queens county reversed, and new trial ordered; costs to abide the event. All concur.