(119 App. Div. 22)

## MORROW v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. CARRIERS—PASSENGERS—ACTIONS FOR INJURIES.

In an action for injury to a passenger on a street car, due to the starting of the car before she had reached a place of safety, it was not essential to plead or prove the manner in which the car was started, and failure to prove an allegation that the car started with a jerk was not fatal to the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1281.]

2. SAME—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Where it was shown that plaintiff, a woman 77 years old, after taking a street car, was thrown, without stumbling, but purely by the motion of the car in starting before she could reach a place of safety, to the floor, and injured, the question of the negligence of defendant's servants in so operating the car was properly for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1315–1325.]

Appeal from Trial Term, Kings County.

Action by Mary Morrow against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.
A. L. Pincoffs, for respondent.

JENKS, J. This action is for negligence. The plaintiff complained that when, as a passenger, she had mounted the platform and was about to enter the car of the defendant, which worked an electric street surface railway, the car "was suddenly moved forward with a violent jerk, before plaintiff had been given a reasonable opportunity to get into said car or take a seat therein, owing to the negligence and carelessness of the defendant, its agents and servants." There was no evidence, as the learned trial court said, that the car was started with a violent jerk. Indeed, the court told the jury that there was no evidence that the car was started in other than the proper way. But the court sent to the jury as the question of fact whether the defendant was negligent to start the car under the circumstances, although the plaintiff had not reached a seat. The judgment for the plaintiff is challenged upon two grounds:

First. It is contended, under the rule of secundum allegata, that the plaintiff cannot recover because there was no proof that the car was started with a violent jerk. I am of opinion that the pleading may be construed as a complaint of the defendant's negligence in not affording to the plaintiff a reasonable opportunity to gain a place of safety before starting the car. It is not essential to this cause of action that the manner of starting the car should be pleaded or proved, and hence such an allegation is not of the gravamen of the complaint. See Fine v. Interurban Street Railway Co. (App. Term) 45 Misc. Rep. 588, 91 N. Y. Supp. 43. As was said by Hatch, J., in Pfeffer v.

Buffalo Railway. Co., 4 Misc. Rep. 470, 24 N. Y. Supp. 490, affirmed 144 N. Y. 636, 39 N. E. 494:

"It is matter of little moment whether the car was started in the usual or in an unusual manner; whether skill was used, or the reverse. The vice of the action lies in starting it at all before the passenger had reached a place of safety."

Second. It is said that there was no evidence of negligence which justified a submission to the jury. The plaintiff was a woman 77 years old. There is testimony that the car stopped for her, but it was moving when she put her foot on the step to go in—that is, the step where she was going to take the seat—and that, when she was on her way from the platform to the inside of the car to find a seat, the car "shook" or "moved," and she fell. She did not stumble. She testifies: The car "began moving when it tossed me. It was moving when it tossed me, or I wouldn't have fell." I think that the rule is stated by Cullen, J., in Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051, affirmed 164 N. Y. 586, 58 N. E. 1087:

"But, assuming that the liability in the operation of electric cars is no greater than that of horse cars, I am still of opinion that, considering the frequency of the occurrence of such accidents, the jury might properly find that it was want of even ordinary care to start the car until a woman had obtained her seat, whatever may be the rule when the passenger is a man."

See, too, Akersloot v. Second Ave. R. R. Co., 131 N. Y. 599, 30 N. E. 195, 15 L. R. A. 489; De Rozas v. Metropolitan St. R. Co., 13 App. Div. 296, 43 N. Y. Supp. 27; Dougherty v. Missouri R. R. Co., 81 Mo. 325–330, 51 Am. Rep. 239.

We are cited to the case of Black v. Third Avenue R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830. In the Dochtermann Case, supra, Cullen, J., says:

"I think the case of Black v. Third Avenue R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830, cannot be fairly construed as holding that a passenger has not the right to attain a place of safety before the car should be started. Otherwise, the case would be inconsistent with the subsequent one of Grötsch v. Steinway Railway Co., 19 App. Div. 130, 45 N. Y. Supp. 1075; the opinions in both cases being written by the same learned judge. However, if the doctrine of the Black Case is as claimed by the counsel for the respondent, we are not disposed to adopt it. The true rule is stated in Akersloot v. Second Avenue R. R. Co., 131 N. Y. 599, 30 N. E. 195, 15 L. R. A. 489, where it was held: 'It was his [conductor's] duty to see that a passenger lawfully entering the car was in a place of safety before giving the signal to the driver to proceed.'"

See, too, De Rozas v. Metropolitan St. R. Co., 13 App. Div., at page 298, 43 N. Y. Supp., at page 29.

I advise affirmance, with costs. All concur.