## DAVIS v. KANSAS CITY SOUTHERN RAILWAY COMPANY.

### Opinion delivered April 22, 1905.

CARRIER—PASSENGER MISLED BY CALLING STATION.—When the name of a station is called, and the train soon thereafter is stopped, a passenger may reasonably conclude that the train has stopped at the station, and may endeavor to get off, unless the circumstances and indications make it manifest that the proper and usual stopping place has not been reached.

Appeal from Little River Circuit Court.

JAMES S. STEEL, Judge.

Reversed.

STATEMENT BY THE COURT.

The allegations of appellant's complaint, omitting merely formal parts, are as follows:

That on the 6th day of February, 1903, appellant purchased a ticket entitling him to first-class passage upon appellee's railway from DeQueen to Ashdown, Ark., and boarded one of the appellee's regular passenger trains for said station of Ashdown, paying for his said ticket the regular fare required by appellee, and that he was accepted by appellee as a passenger thereon. That when nearing the station of Ashdown, and before reaching said station, appellee's employees negligently announced in the usual and customary manner said station of Ashdown, and caused said train to come to a full stop two hundred yards from the station. That appellant was thereby induced, by the conduct of the employees in so stopping said train shortly after the announcement of the station, to believe that he had reached his destination, and, being unacquainted with said station, and believing such stop was made for the purpose of allowing him to alight, and said appellee failing to warn him that the said stop was only temporary, the appellant proceeded to the steps of the coach in which he was riding, and began to alight from said train, and that, while in the act of alighting therefrom, the employees of appellee in charge thereof negligently and suddenly caused said train to start, thereby throwing appellant to the ground under the steps of said coach, whereby his right leg was mashed, his back was crushed, his ribs hurt, and breast severely bruised and otherwise injured, all to his damage in the sum of $1,900, for which he prayed judgment.

The answer denied specifically the allegations of the complaint, and charged contributory negligence.

The plaintiff testified: "I am a farmer, and live in Benton County, Arkansas. On the 6th day of February, 1903, I became

a passenger on defendant's train from De Queen to Ashdown, buying a ticket at De Queen. I got on one of the defendant's trains to go to Ashdown. Had never ridden on that line before. The porter or conductor called the station, and shortly thereafter the train stopped, and I supposed it was the getting off place. No one told me it was a temporary stop. Several persons started to get off when I did. The man that called the station was a white man, and was right there between the two coaches when I started to get off the train. The train started up just as I started to get off. No warning or signal was given before starting. While I was alighting, the train started with a sudden jerk. My back was hurt, my breast was injured, as were my legs and ribs, from which I have suffered very much. My eyes are not good. I can see how to get around. At times they are worse, and at times I can see very well. My right eye is bad. I was not drunk that morning, nor drinking, nor under the influence of liquor, nor did I take a drink on the train. I did not see the depot as I started to get off. They did not have one there. I could not see very well from where I was. I supposed by the train stopping it was the getting off place. I did not look to see whether there was any station or depot buildings there. There was no station house there nor platform. I thought it was a switching station. I saw some of the trainmen as I started out, but did not ask them if it was Ashdown. Mr. Flowers was riding in the same car with me. The ground where I got off was tolerably level. I was never in Ashdown before. I think there was a plank walk leading across to a house where I got off. I saw this at the time. I do not know exactly how far the walk was from me. I was 54 years old at the time of the accident."

G. F. Flowers, for plaintiff, testified: "I am 34 years old, and was on the train when plaintiff was injured. The station of Ashdown was called by the conductor before we got there. The train came to a full stop. I got up and started out, and plaintiff was then standing on the platform. No warning was given before I started out. I did not see anybody tell plaintiff not to get off, nor warn him that it was not the station. I saw the brakeman there standing on the car just in front of me on the platform of the coach. I was fixing to get off. After the old man got off, the brakeman told me not to get off. I never

saw or heard anything in the way of warning given. Mr. Davis had already got off when the brakeman warned me."

David Davis, for plantiff, testified: "I am a son of John Davis, and was on the train with him when he was injured. The station of Ashdown was called before the train stopped. When the train stopped, father started to get off, and as he went to get off the train started with a sudden jerk as he stepped off. It shook me, standing where I was. After the station was called out, no warning was given that I heard. I did not hear any one tell my father that the stop was only temporary, and the station had not been reached. I was standing close to him. I was in about four feet of my father on the platform. The train was standing still, and started just as father stepped off. Father had not drunk any that day, to my knowledge. The first thing that led me to believe that we were nearing Ashdown was the calling of the station by the conductor or porter. He just called the name, "Ashdown," and stopped the train. This stop was made soon after the station was called. I never saw the brakeman on the ground prior to the time they were carrying my father from the place of his injury. Some of the train crew were on the platform between the cars. They gave no warning to father when he started to get off the train. I heard no one give him any warning. I heard no warning or signal of any kind. The conductor of the train was standing on the platform on the same car I was on. He was there when I went out. The train was not moving when my father got up to go out. It had stopped still before he got on the steps."

The testimony of appellee tended to show that appellant was drinking or drunk; that the stop made was temporary, and before Ashdown was reached; that there was no platform, nor ground fixed like a station at the point where appellant alighted; that the train was started very slowly after its stop. Appellant was told by the brakeman that he would let him (appellant) know when Ashdown was reached, and when to get off; that the brakeman motioned his hand to appellant, and advised him not to get off, when the stop was made, before reaching the station of Ashdown, etc. The court instructed the jury "to find the issue for the defendant."

*Scott & Head,* for appellant.

The calling of the station by some of the train crew was an invitation to plaintiff to alight from said train at the next stop, unless some warning had been given to the contrary. 60 Pac. 907; 55 N. W. 102; 33 N. E. 204; 39 N. E. 796; 20 Atl. 2; 58 Atl. 154; 76 N. W. 98; 46 N. E. 365; 3 Thomp. Neg. § 3041; 59 Ark. 122; 70 Ark. 264; 7 L. R. A. 323; 29 Pac. 593; 69 N. W. 1042; 18 So. 925; 46 N. W. 773; 60 N. Y. 176; Hutch. Car. § 615; 44 Ark. 322; 46 Ark. 423; 27 Ark. 519. The injury proved was *prima facie* negligence. 65 Ark. 235; 63 Ark. 636; 57 Ark. 136. The trainmen should have warned the plaintiff.    29 Pac. 593; 3 Thomp. Neg. § 2843; 60 Pac. 907; 55 Atl. 444; 19 S. E. 578; 38 S. W. 1055; Whar. Neg. § 645; 7 N. E. 623. Appellant was not guilty of contributory negligence.    24 N. E. 653; 37 N. E. 367; 20 C. C. A. 196; 71 N. Y. 493; 147 U. S. 571; 39 N. E. 799; 20 S. W. 990; Whar. Neg. § 335.    Contributory negligence will not defeat recovery where it is shown that the injury could have been avoided by the exercise of reasonable care and prudence. 144 U. S. 408; 31 N. E. 282; 31 C. C. A. 414; 19 S. E. 578; 38 S. W. 1055; Thomp. Neg. § 238; 23 S. E. 264; 52 Pac. 92; 53 Atl. 569; 72 S. W. 900; 97 N. W. 824; 55 Atl. 190; 26 So. 466.

*Read & McDonough* and *S. W. Moore,* for appellee.

WOOD, J., (after stating the facts.) The court erred. When the name of a station is called, and the train soon thereafter is stopped, the passenger may reasonably conclude that the train has stopped at the station, and may endeavor to get off, unless the circumstances and indications make it manifest that the proper and usual stopping place has not been reached. *Smith* v. *Georgia Pacific Ry.* 7 L. R. A. 323; *St. Louis, I. M. & S: Ry. Co.* v. *Farr,* 70 Ark. 264; *Johnson* v. *Ry.* 59 Ark. 122, and many authorities cited in appellant's brief.

The question of liability under the facts should have been submitted to the jury upon proper instructions as to the duties and obligations of appellant and appellee, respectively.

Reversed and remanded for new trial.