By section 261 of the Municipal Court act (Laws 1902, p. 1565, c. 580) upon the docketing of the judgment of the Municipal Court upon the transcript in the county clerk's office, "thenceforth the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly." The proceeding is a special proceeding founded upon the statute, summary in its nature, and properly commenced by notice or order to show cause. Marvin v. Marvin, 78 N. Y. 541. It has for its basis the judgment awarding costs against the plaintiff. It therefore is a proceeding to enforce the judgment; and, as the judgment is now a statutory judgment of the Supreme Court, this court, and not the Municipal Court, has jurisdiction of this special proceeding. As a statutory remedy to collect the amount found due by the judgment, by seeking to have substituted for the nominal party the real parties in interest, it is analogous to the other special proceedings after judgment of which upon docketed Municipal Court judgments this court has been held to have jursidiction.

There is, however, one objection urged which is of weight. In pleading or proving a judgment of a court of limited or special jurisdiction, the facts necessary to confer jurisdiction to render the judgment must be fully set forth, or every fact necessary to confer jurisdiction to render judgment in the action must be recited. Section 532 of the Code allows an alternative:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made."

The moving papers do not set forth the necessary jurisdictional facts, nor do they comply with the Code provision cited. In Werbelovsky v. Michael, 106 App. Div. 138, 94 N. Y. Supp. 156, the learned Appellate Division in the Second Department set aside an injunction in a judgment creditor's action upon a Municipal Court judgment upon this precise point, stating:

"The mere fact that a judgment was rendered in the Municipal Court in his favor and against said defendant does not establish his right to maintain the action; and there is no presumption that the court had jurisdiction" (citing Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103).

For this reason the order must be reversed, with $10 costs and disbursements, with leave to renew the application upon proper papers to the court below. All concur.

---

(48 Misc. Rep. 527)

### HIRSCH v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. November 24, 1905.)

1. CARRIERS—STREET RAILWAYS—INJURIES TO PASSENGER—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action against a street railway for injuries to a passenger resulting from the negligent starting of defendant's car, testimony of plaintiff that the car was started with "a very strong jerk," and of another witness that "the car jerked," was insufficient to show negligence on defendant's part.

2 SAME—NOTICE OF ACCIDENT—EVIDENCE—ERROR.

In an action against a street railway for injuries to a passenger, it was error to exclude testimony of defendant's accident clerk as to whether or not defendant had received notice of the accident, as the failure to call any witnesses tended to prejudice the jury against defendant, and it should have been permitted to explain why it offered no defense.

Appeal from City Court of New York.

Action by Louis Hirsch against the Union Railway Company of New York City. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Bayard H. Ames and E. Merriam Bagg, for appellant.
Leonard Bronner and Jacob M. Schoenfeld, for respondent.

SCOTT, P. J. The allegation of the complaint is "that plaintiff had got aboard said car, and on the platform thereof, and was about to enter the car for the purpose of taking a seat therein, and that in the act of doing so the car was carelessly, recklessly, and negligently, and without notice or warning to the plaintiff, set in motion with a violent jerk, causing the plaintiff to be violently thrown backward against the rear dashboard." Hence it will be seen that it is not complained that plaintiff was not given time to board the car, but, on the contrary, it is distinctly alleged that he had boarded the car and reached the platform (ordinarily a place of safety), and that the injury resulted from the manner in which the car was started. The evidence also shows that the plaintiff had gotten wholly aboard the car before it was started, although he now says that one foot was on the platform and one on the step. He also changes somewhat the story as to how he was hurt, alleging that he was thrown against the door, instead of the dashboard, although, if he was thrown down in consequence of starting with a jerk, the natural and probable result would be to throw plaintiff backward, instead of forward. At all events, the negligence charged was the jerk with which the car was started, and here, as we think, the plaintiff failed to make out a case. The only evidence on the subject is that of the plaintiff and his friend and witness Stern. Plaintiff says that the car was started with "a very strong jerk," and Stern says "the car jerked." This alone was not sufficient to show negligence or carelessness in the management of the car. Black v. Third Ave. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830. In all the cases in which a sudden jerk in the starting of a car has been held to be evidence of negligence, the proof as to the nature and effect of the jerk has been much stronger than in the present. We think, also, that there was error in the refusal to permit the defendant's accident clerk to testify as to whether or not the company had received notice of the accident. The failure to call any witnesses was calculated to prejudice the jury against defendant, and it should have been permitted to explain why it presented no defense. Shadletsky v. N. Y. City Ry. Co. (Sup.) 88 N. Y. Supp. 1014.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.