(48 Misc. Rep. 529)

### FLYNN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   November 24, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—"SUDDEN JERK"—RES IPSA LOQUITUR.
   Plaintiff, a passenger on an elevated railroad, testified that on arriving at a station she got up and was just going out of the car, when it gave such an extraordinary jerk that she was forced forward, causing her to fall and be injured. Held, that plaintiff's injury was not due to defective means or appliances employed in operating the train, and that the doctrine of "res ipsa loquitur" did not apply.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1286.]

2. SAME—PROOF OF NEGLIGENCE.
   Where an action for injuries to a passenger was based on the fact that the car gave an extraordinary jerk or jolt, which forced her forward and knocked her down, and no error on the part of defendant's servants in operating the train was pointed out, it did not appear that the jerk was not incidental to the stoppage of the train in the usual and customary method of operation.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ann Flynn against the Interborough Rapid Transit Company.   From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Charles A. Gardiner (Theodore L. Waugh, of counsel), for appellant.

Calvin D. Van Name, for respondent.

GILDERSLEEVE, J.   This action was brought to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant in operating a train upon its elevated railroad upon which the plaintiff was a passenger.   The particular negligence asserted by the plaintiff is a "jerk" or "jolt," at the time the train was in the act of stopping at a regular station, that forced the passengers forward as they were moving toward the exit of the car.   The plain- testified as follows:

"When the conductor hollered out 'Fifty-Ninth Street!' * * * and I saw others getting up, then I got up, * * * and when I was just going out the car gave such a jerk that it knocked me right on my back. * * * I got a terrible jerk—an extraordinary jerk."

The substance of the testimony of the plaintiff's daughter, who was with her mother, is that the car jerked, "and she, with other passengers, was forced forward; that she saw her mother falling, got up, and went

to assist her, as other passengers did." From no point of view can it be truthfully said that the evidence in behalf of plaintiff shows that her injury was due to defective means or appliances employed in operating the train. There is no ground for invoking the doctrine of "res ipsa loquitur" in the plaintiff's favor. Nelson v. Lehigh R. R. Co., 25 App. Div. 535, 50 N. Y. Supp. 63, and cases there cited.

The plaintiff's case rests upon the fact that the car gave an extraordinary jerk, or jolt, that forced the passengers forward and knocked the plaintiff on her back. No error on the part of defendant's servants in operating the train is pointed out. The evidence is not sufficient to justify the inference that defendant or any of its servants were guilty of negligence. So far as appears, the jerk was incidental to the stoppage of the train in the usual course and customary method of operation. We think the rule laid down by this court in Needham v. Interborough R. T. Co. (App. Term, Oct., 1905) 95 N. Y. Supp. 561, applies here. See, also, Black v. Third Ave. R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830, and De Soucey v. Man. Ry. Co. (Com. Pl.) 15 N. Y. Supp. 108. The motion for the direction of a verdict in favor of the defendant should have been granted.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, J., concurs. MacLEAN, J., taking no part.