know whether the jury resolved that question in favor of the plaintiff. The defendant denied the making of any such agreement, and for aught that we know the jury may have found that none was made. Indeed, that question was not distinctly presented to the jury by the learned trial court, and the jury may never have passed upon it at all. Were the question presented, it might be necessary to determine whether the alleged parol agreement constituted a variance of the written instrument, and whether all the prior negotiations were merged into the written receipt.

Irrespective of the foregoing, this judgment will have to be reversed for an error in the admission of evidence. The plaintiff was permitted to prove as a part of her case statements made by one of the defendant's servants after the delivery of the property, to the effect that the goods were not in good condition when delivered. Manifestly this was reversible error, because upon no possible theory could the defendant be bound by the admission of its employé after the transaction.

The judgment and order must be reversed, and a new trial granted, costs to abide the event. All concur.

---

## KIEFER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. CARRIERS — INJURIES TO PASSENGERS — POSITION — NEGLIGENCE — ASSUMED RISK.

While it is not negligence per se for a passenger to occupy a position on the platform of a crowded street car if accepted as a passenger, he nevertheless assumes the ordinary risks incident to such position.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1376–1378.]

2. SAME—EVIDENCE.

Where plaintiff, a passenger on a street car, was thrown from the platform thereof as it was rounding a curve, evidence that the speed of the car was "pretty swift," "about nine miles an hour," and that the movement was not "an ordinary jolt," was insufficient to establish negligence on the part of the carrier.

3. SAME—CONTRIBUTORY NEGLIGENCE

Where plaintiff, prior to being thrown from the platform of a crowded street car as it was rounding a curve, had knowledge of his situation, and that he was in a position that exposed himself to the danger of being thrown by any jolting or swaying of the car, but did nothing to protect himself, and did not even look to see whether there was anything from which he could obtain support, he was guilty of contributory negligence.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1376–1378.]

Appeal from Trial Term, Queens County.

Action by Otto Kiefer against the Brooklyn Heights Railroad Company. From a judgment for plaintiff and from an order denying de-

fendant's motion for a new trial, and from an order granting plaintiff an extra allowance of costs, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Charles H. Kelby, for respondent.

MILLER, J. The plaintiff either fell or was thrown from the rear platform of one of the defendant's cars as it was rounding a curve, and the question presented by this appeal is whether there was sufficient evidence of the defendant's negligence and of the plaintiff's freedom from contributory negligence. Plaintiff testified:

"As soon as the car went across the track and struck the second curve it jogged me like that and I was thrown off and I didn't know any more. It was not the ordinary jog of turning that I had experienced before. * * * I knew of this bend in the car tracks crossing Fulton street; I knew there was a bend there. And I knew where I was when the car got there. I knew the car was crossing those tracks. The car stopped just before crossing Fulton street, and then it did not start up with the bell in the usual way to go across, it started off very quick. He put on the power first, and then he put on more, and it shot across the track so fast I didn't have time to think where I was, and as soon as he struck the second curve, I was thrown. He put it on very quick. I didn't see how much he put on, but I could feel it. I didn't have hold of anything. There wasn't anything to take hold of. * * * I didn't notice a rail there, I had my back turned. I did not look to see whether there was anything to take hold of. * * * I say this car was going fast across those tracks and I knew the bend was there that that bend would swing the car around when it went around that fast. I didn't have that thought about me. I didn't think much about that. I knew it was there, and I did not take hold of anything."

One witness for the plaintiff, who observed the movement of the car from the sidewalk, testified that it came around "pretty swift," that it seemed "to be going quick speed." "My attention to the accident was first attracted by the car coming around so fast, I said there will be something doing some day these cars going at such a rate." Another witness testified that he observed the car, and that it was going at the rate of nine miles an hour.

On behalf of the defendant evidence was introduced tending to prove that the plaintiff was intoxicated, and that the conductor requested him to step inside the car, but that he refused to do so. Three witnesses, passengers, who were standing up in the car, testified that they did not observe anything unusual about the motion of the car. It appeared that people were standing in the aisle and upon the platform from which the plaintiff fell, but it does not appear that the equilibrium of any other person was disturbed by the motion of the car in rounding the curve. While it is well settled that it is not negligence per se for a passenger to occupy a position on the platform of a crowded car if accepted as a passenger, such person must be held to assume the ordinary risks incident to such a position. This proposition seems so clear as to require neither argument nor citation of authority to support it. Every one knows that in the usual operation of cars propelled by electricity there is inevitably a certain amount of jolting and swaying particularly when rounding curves. It was incumbent upon the plaintiff to prove that he was thrown from the car by reason of some unusual movement

caused by its negligent operation, and in my judgment the characterization of the speed of the car as "pretty swift," and as "about nine miles an hour," and of the movement as not being an "ordinary jog," is insufficient to make a case, particularly where, it appears that other persons in the same situation as the plaintiff observed nothing unusual.   Moskowitz v. Brooklyn Heights R. R. Co., 89 App. Div. 425, 85 N. Y. Supp. 960; Id., 183 N. Y. ——, 76 N. Y. 1101; Ayers v. Rochester Railway Co., 156 N. Y. 104, 50 N. E. 960.

According to the plaintiff's own testimony he was doing nothing whatever to protect himself, and it is just as likely that the ordinary movement incident to the rounding of a curve was the force that caused him to fall as it is that any unusual thing occurred, but even if I am in error in this regard, it must be clear that the plaintiff has entirely failed to prove freedom from contributory negligence.   The plaintiff knew all about the situation, he knew that he was in a position that exposed himself to the danger of being thrown by any jolting or swaying of the car, and yet according to his own testimony he did nothing whatever to protect himself, and did not even look to see whether there was anything from which he could obtain support.   In the absence of any evidence tending to show the exercise on his part of the slightest care, I do not see how it is possible to hold that he met the burden of proving freedom from contributory negligence.

It, therefore, follows that the judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.