Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Robert McClelland against Cornelius Lynch. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

William Brunner, for appellant.

Denis O'Sullivan, for respondent.

SCOTT, P. J. The plaintiff evidently sued the wrong person. The house upon which the work was done belonged to defendant's wife, and that plaintiff understood that he was contracting with her is shown by the fact that the original estimate is addressed to her, and not to defendant. For this reason the judgment must be reversed, and it will not be necessary to consider the question whether the work was properly done, of which there seems to be much doubt.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

(50 Misc. Rep. 293)

BOLLINGER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

CARRIERS—INJURY TO PASSENGER—SUDDEN STARTING OF CAR—EVIDENCE.

In an action against a street railroad company for injuries to plaintiff's wife, alleged to have been caused by the violent starting and stopping of a car, evidence merely that the car started and stopped with a "violent jerk" or a "sudden jerk," not shown to have differed from that usually attending the starting and stopping of an electric car, was insufficient as evidence of defendant's negligence.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1205.]

Appeal from City Court of New York, Trial Term.

Action by Leo Bollinger against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Bayard H. Ames, for appellant.

Adolph Ruger (W. Harry Sefton, of counsel), for respondent.

SCOTT, P. J. This is a husband's action for the recovery of damages suffered by him in consequence of an accident to his wife. The claim is that, after the wife, who was carrying a child in her arms, had safely boarded the car (a closed one), and was entering the car from the rear platform, the car was started with such a violent jerk that she was thrown forward onto her knees, and that then the car was stopped with a jerk so violent that she was thrown backwards onto her back. The only evidence as to the accident was given by the injured wife and her sister; the defendant proving that it had received no report. The negligence claimed is the violent starting and stopping of the car. The only evidence as to the character of the start and stopping was

that of the plaintiff's wife, who repeatedly used the words "violent jerk," and that of her sister who said that the car started with a "sudden jerk." This evidence conveys no definite impression to the mind as to the character of the movement of the car, does not show that that movement differed in any way from that usually attending the starting and stopping of an electric car, and is insufficient as evidence of defendant's negligence. Black v. Third Ave. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830. The cases upon which respondent relies, such as Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 18, 52 N. Y. Supp. 1051, and Grotsch v. Steinway Ry. Co., 19 App. Div. 130, 45 N. Y. Supp. 1075, differ from the present in that the evidence as to the nature of the movement of the car was satisfactorily shown to be unusual and of great violence. It is difficult, also, to see how the sudden starting and stopping of the car could have caused the plaintiff's wife to fall as she and her sister say that she did. She was at the rear doorway, facing forward in the direction the car was about to proceed. The sudden starting of the car (if it was suddenly started) would tend to throw her backwards, not forward onto her knees, and after she had fallen to her knees the sudden stopping of the car would tend to throw her still further forward, not to turn her completely over backward, with her head out of the rear door, and her feet pointing toward the front of the car. No plausible explanation is suggested why the injured person fell twice, in apparent violation of well-known and established physical laws. The damages are probably excessive. They consist, in large part, of a considerable bill for the services of a physician, covering a period of some three years. Obviously, some of the ailments for which these services were rendered are not traceable to the accident, and the court very properly so instructed the jury; but no attempt was made to divide up the physician's charges, or to show how much was properly chargeable to consequences flowing from the accident.

We think that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.