## Chicago Union Traction Company v. Robert Duckstein, Jr.

### Gen. No. 13,362.

NEGLIGENCE—*what does not tend to prove.* Expressions such as "very fast," "sudden jerk," etc., are vague, indefinite and meaningless and unaccompanied by other and more definite evidence do not tend to prove negligence.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Reversed, with finding of fact. Opinion filed October 4, 1907.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court awarding to appellee $2,375 damages for a personal injury.

The evidence tends to show that on May 7, 1900, appellee, then a boy about fourteen years of age, boarded a cable train of appellant to go to his home on the corner of Larrabee and Blackhawk streets, Chicago. The train consisted of a grip car and two trailers. The rear trailer, on which appellee was riding, was an open summer car. It had a running board along the side of the car which answered the purpose of a step for passengers entering or leaving the car. It was a rainy day and the curtains provided for the protection of passengers were down. The car was crowded with passengers, every seat and the aisle in the center of the car between the seats being occupied. Appellee found standing room between the second and third seats from the rear end of the car. The train proceeded north through the LaSalle street tunnel to Illinois street and turned to the west on Illinois street. Shortly after reaching the curve it was necessary to drop the cable on which the car went through the tunnel, and the train necessarily ran around the curve a considerable distance on its own momentum to a point where it picked up the Illinois street cable. This change of cables was made necessary by the fact that another cable line with two tracks curved to the east on Illinois street and proceeded thereon to Clark street and then north on the latter street. The crossing of the tracks at or near the corner of LaSalle avenue and Illinois street made the break or change of cables necessary.

When the car reached a point near Illinois street, the gripman dropped the cable and the train was permitted to run around the curve by its own momentum. While the car on which appellee was riding was rounding the curve it gave a sudden jerk, according to appellee's testimony, and appellee was thrown off the car.

There are two counts in the declaration. The negligence averred in the first count is that "the defendant, wholly neglecting its duty to the plaintiff as a passenger, did so

C. U. T. Co. v. Duckstein.

carelessly, negligently and recklessly operate its said train and the car upon which plaintiff was then and there standing, while said train and car were turning the curve at La-Salle avenue and Illinois street in said city, that by reason thereof the plaintiff was suddenly thrown from said car to and upon the ground and with great force and violence."

In the second count the negligence averred is that "the defendant, wholly neglecting and disregarding its duty to the plaintiff as a passenger, carelessly, recklessly, negligently, wilfully and wantonly caused the car upon which the plaintiff was, to be violently and with great speed drawn around the curve at the corner of LaSalle avenue and Illinois street in said city of Chicago, whereby the plaintiff was thrown from said car with great force and violence to and upon the ground."

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

ARNOLD TRIPP, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Three grounds for reversal of the judgment are urged on behalf of appellant: first, that the verdict is not supported by the evidence; second, that the damages awarded are excessive; and third, that there was error in the rulings of the court on evidence. In the view we take of the case it is unnecessary for us to consider the second and third grounds urged; for, if the appellee is not entitled to recover for the negligence averred upon the evidence in the case, it is of no importance whether error in rulings intervened or the damages awarded were excessive.

The testimony of appellee, the plaintiff, is as follows: "When the car got out of the tunnel on the north side, and went to turn on Illinois street, it gave a sudden jerk and I was thrown off the car. I fell on the brick pavement, * * * I fell at Illinois, the corner there." On cross-examination he testified: "I knew the cars went down

through the tunnel. I knew after they got out of the tunnel the first street you come to was Michigan, and I knew after we crossed over Michigan street and went some distance up the block between Michigan and Illinois the cars would go west, commence to turn across the track. I knew the gripman had to drop the cable, and that after he commenced to turn onto Illinois he got another cable. I knew that by the construction there, there was a distance where there was no grip at all, that is, the grip didn't have hold of anything. It dropped one cable and had to wait until it came to another. * * * There is always an uneven movement when the car is running north and the car ahead of it to which it is attached turned in a different direction."

There were two other witnesses for the plaintiff who were standing at the southeast corner of Illinois street and La-Salle avenue, waiting for a Clark street car. These witnesses testified that the car went around the corner very fast, and they saw the boy fall off. One of these witnesses said the train stopped right around the corner, and the other that it stopped right there. This is all the evidence offered by appellee to sustain the charge of negligence set forth in the declaration.

On behalf of appellant the gripman and the conductor on the front car of the train in question testified that the car was going around the curve at the usual and necessary rate of speed to make the cross over from one cable to the other; that the speed of the cable through the tunnel was about four miles an hour and that of the Illinois street cable about the same; that there was no jerk as the train rounded the curve except that which was necessarily incident to a car going around a curve.

In our opinion this evidence does not sustain the careless and negligent operation of the train and car averred in the declaration. No specific act of negligence is proven as to any of appellant's servants in the operation of the train. No omission of duty on the part of those operating the train appears from the evidence. The testimony of the two women to the effect that the car went around the corner very

fast, when considered in connection with the uncontroverted fact that the cable, which gave it motion and momentum, moved at the rate of only four miles an hour, does not tend to prove that the train was going at a reckless, careless or negligent speed. While the grip held the tunnel cable the speed of the train could not exceed the speed of the cable. The moment the grip released that cable the speed of the train would begin to decrease, and it would decrease more rapidly on a curved track than on a straight track. The expression "very fast" used by the witnesses, is vague, indefinite and meaningless. Unaccompanied by other and more definite evidence, it does not tend to prove negligence. Kiefer v. Brooklyn Heights R. Co., 97 N. Y. Supp., 841; Bollinger v. Interurban St. Ry. Co., 98 N. Y. Supp., 641. The expression conveys no definite impression to the mind. But when this testimony is considered in connection with the evidence of the witnesses for appellant, as to the speed of the tunnel cable which it had just left, we know that the train was going at a rate of speed on the curve not exceeding four miles an hour, and probably less.

The comments just made regarding the words "very fast" are equally applicable to the words "jerk" and "sudden jerk" used by the plaintiff. It is a matter of common experience and therefore it may be said to be well known that a street car in passing around a curve is necessarily subjected to a somewhat violent lateral motion which has a tendency to throw a standing passenger off his balance, unless guarded against. The expression does not show that the movement of the car differed in any way from that usually attending the movement of a car on a curved track. Ayers v. Rochester Ry. Co., 156 N. Y., 104; Bollinger v. Interurban St. Ry. Co., *supra.*

If we consider the evidence of appellee in connection with the testimony given by the witness for appellant, we must conclude that there was nothing in the movement of the car which was unusual to a car rounding a curve and incidental thereto.

We think, therefore, the evidence in this record is not

sufficient to justify the inference that appellant or any of its servants was guilty of negligence. Appellee's case seems to depend upon a mere characterization of the motion of the car by himself and his witnesses, and it is destitute of any proof of specific or particular negligence on the part of appellant or its servants. Flynn v. Interborough R. T. Co., 96 N. Y. Supp., 259; Black v. Third Ave. R. Co., 37 N. Y. Supp., 630.

The mode of conveyance was a train operated by cable. The practical operation of the train required that it should be operated with sufficient speed to carry it across from one cable to another at this point. There is no evidence in the record tending to show that the rate of speed at which the train was sent around the curve was greater than was necessary to enable it to reach the Illinois street cable. This burden was upon appellee, as was also the burden of proving that the jerk could have been avoided, and that it was not necessarily incidental to the usual course and method of operation. No proof of this character was made.

We are of the opinion that it was error to submit the question of appellant's negligence to the jury upon the evidence. Accordingly, the judgment is reversed with a finding of fact.

*Reversed.*