FELDHEIM v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

1. CARRIERS—STREET CARS—INJURY TO PASSENGER—DANGEROUS PLACE.

Where plaintiff was injured while riding on the rear bumper of a crowded car, he assumed the risk incident to that position, although his fare was accepted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1375–1382.]

2. SAME—NEGLIGENCE—PROOF.

Where a passenger on a crowded street car was injured by the trolley pole slipping from the wire, negligence could not be inferred from such occurrence, and no recovery could be had in the absence of some additional

proof that the slipping of the pole from the wire was due to some negligent act of the carrier.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers. § 1283.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Lionel Feldheim, by Louis Feldheim, his guardian ad litem, against the Brooklyn, Queens County & Suburban Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.

Morris W. Hart, for respondent.

MILLER, J. The plaintiff, with three other persons, was riding on the rear bumper of a crowded car. The trolley pole slipped off the wire, and the rope attached to it caught the plaintiff about the shoulder, and cast his head against the vestibule window, breaking the glass and inflicting slight injuries, for which he has recovered the judgment appealed from. He had often seen trolley poles come off the wire, and knew that, when that occurred, the rope went up with the pole. He describes the car as traveling very fast, with a rocking and swaying motion. The only witness who testifies as to the speed of the car says that it was going 12 miles an hour. The conductor had collected plaintiff's fare.

It has frequently been held that it is not negligence per se to ride upon the platform or running board of a crowded car, but even in such case the passenger assumes the usual risks incident to the position. Kiefer v. Brooklyn Heights R. R. Co., 111 App. Div. 404, 97 N. Y. Supp. 841. But I do not think there is any assurance from the company that a passenger can ride on a bumper with safety, even though his fare is accepted, because the position is so obviously dangerous that the law will not create an implied assurance of what the party must have known was not the fact. Rather than wait for another car, the plaintiff preferred to take the risk of riding in a perilous situation. By accepting his fare the defendant consented that he do that, and probably agreed that it would not by any affirmative act increase his peril, but it incurred no obligation to protect him from the obvious perils of the situation. The plaintiff should have known that he was likely to be caught by the rope in case the pole slipped off the wire. He voluntarily put himself in the way of that danger, and, as nothing occurred but what any man of ordinary prudence should have apprehended, he was guilty of contributory negligence as matter of law.

Moreover, the plaintiff failed to prove that the defendant was guilty of any negligence causing the injury. No unusual movement of the car is disclosed, and nothing is shown to have occurred other than the ordinary and usual occurrences incident to the running of trolley cars. The trolley pole slipped off the wire, but negligence cannot be inferred from so common an occurrence, and there is nothing in the record to disclose what caused the pole to slip off. The plaintiff argues that it

was the speed of the car and the rocking and swaying motion, but it is just as probable (and to my mind more probable) that the plaintiff or some of his companions on the bumper caused the occurrence. In any view of the case, the plaintiff cannot recover, and the judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.