ping v. Van Pelt, Hoff. Ch. 545. He cannot be said to be connected with the subject-matter of this action. It is open to the defendants to ask to have Larkin brought in as a party if they so desire; but that without him the court cannot determine the relative rights of the plaintiff and the present defendants with regard to the bond and mortgage is an untenable position. The present parties and Roehr are the only parties interested in the matter with regard to which the court is asked to pronounce judgment. Larkin's warranty to Roehr does not inure to the benefit of the defendants Day and the Oriental Bank; and, with no demand for judgment against him personally, it may be questioned whether he would be a proper party defendant.

As between the plaintiff and Roehr, the judgment against the latter, alluded to in the complaint, estops him from claiming any further rights under the bond and mortgage. He does not, therefore, appear to be either a necessary or even a proper party to the present action. If joined, the former judgment would be available to him as a plea in bar to this action; and neither he nor the plaintiff can, as between themselves, be compelled to relitigate the matter thus solemnly concluded. Roehr's presence as a party is not essential to any right of the defendants Day and the Oriental Bank. Notice to him of the pendency of this action and a request by the defendants that he assume the defense in their protection will conclude him by any judgment affecting the validity of the bond and mortgage. Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 151, 43 N. E. 422.

The demurrer is overruled, with costs, with leave to the defendants to plead over upon the payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendants to plead over upon payment of costs within 20 days.

---

(59 Misc. Rep. 36.)

#### GOULD v. NEW YORK, N. H. & H. R. CO.

(City Court of New York, Special Term. April, 1908.)

CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE.

    Where plaintiff had stepped on the platform of a car and was about to enter the same, when the train was started so suddenly that she was compelled to seize hold of the frame of the doorway, and the door, which was open, closed, injuring her finger, it was insufficient to justify a verdict against defendant, where plaintiff failed to show any unskillfulness or negligence on the part of defendant's employés, or any defect in the appliance used in starting the train.

Action by Helen S. Gould against the New York, New Haven & Hartford Railroad Company. Verdict for plaintiff. Motion to set aside verdict granted.

Terry Parker, for plaintiff.

William Greenough and William L. Barnett, for defendants.

SCHMUCK, J. The verdict is challenged on the ground that it is not sustainable in law, in that the sole proof of the careless and negligent handling and conduct of the train submitted by the plaintiff

was the violent jerking and sudden starting. The most favorable conclusion to be drawn from the testimony is that after accepting the invitation to embark, and at the instant she reached the entrance to the car, the train was started so violently and suddenly that the plaintiff was compelled to seize hold of the frame of the doorway in order to maintain her upright position, and that the door, which was open, at the same moment as she took hold of the frame of the doorway closed, injuring her finger. It is patent, in view of the proof, that plaintiff predicates her cause of action upon the violence and suddenness of the starting movement of the train, and not upon the ground that she had not a reasonable opportunity to get into the car or take a seat therein. Therefore the doctrine of Morrow v. Brooklyn Heights R. R. Co., 119 App. Div. 22, 103 N. Y. Supp. 998, does not apply; for the vice of the action in the Morrow Case was in starting the car before the passenger had reached a place of safety, the manner of starting or the skill used in inaugurating that motion being of little moment. In consequence, that case, as well as the case of Fine v. Interurban St. R. Co., 45 Misc. Rep. 588, 91 N. Y. Supp. 43; and Pfeffer v. Buffalo R. Co., 4 Misc. Rep. 470, 24 N. Y. Supp. 490, affirmed 144 N. Y. 636, 39 N. E. 494, is readily distinguishable from the class of cases to which the one at bar belongs, wherein the gravamen of the complaint is the suddenness and violence of the starting.

Accepting the principle of Black v. Third Ave. R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830, as controlling, it follows that, unless the plaintiff has established that by reason of the unskillfulness or negligence of the company's servants in charge of the appliances by which the movement of the car was controlled or that the appliances were defective, the verdict cannot be sustained. In view of the doctrine of Needham v. Interborough R. T. Co., 48 Misc. Rep. 522, 95 N. Y. Supp. 561, and Norminton v. Same, 48 Misc. Rep. 526, 96 N. Y. Supp. 261, it would appear that evidence merely descriptive of the force of the starting and stopping movement is not sufficient to warrant by itself any inference of negligence. It is necessary to establish error on the part of the defendant's employés in operating the train, as mere description of momentum is not enough, and no justification exists for invoking the doctrine of res ipsa loquitur in plaintiff's favor. Flynn v. Interborough R. T. Co., 48 Misc. Rep. 529, 96 N. Y. Supp. 259; Nelson v. Lehigh Valley R. Co., 25 App. Div. 535, 50 N. Y. Supp. 63. The evidence must convey a definite and positive impression as to the character, as distinguished from description, of the movement of the train. It is imperative that it indicate that the movement differed from that usually coincidental with and attending the starting or stopping. Bollinger v. Interurban St. R. Co., 50 Misc. Rep. 293, 98 N. Y. Supp. 641; Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051; Harty v. N. Y. & Queens Co. R. Co., 95 App. Div. 119, 88 N. Y. Supp. 422.

Consequently the allegations of the complaint asserting negligent and careless handling and control have not sufficiently been proven, inasmuch as the plaintiff has failed to show any unskillfulness or negligence on the part of the defendant's representatives or any defect in the appliances used in starting the train. Motion granted.

The motion to set aside the verdict is therefore granted.