MIDLAND VALLEY R. CO. v. PAGE.

(Circuit Court, E. D. Oklahoma. September 6, 1910.)

No. 138.

1. CARRIERS (§ 303*)—INJURY OF PASSENGERS—MANAGEMENT OF TRAIN AT STATION.

Where a passenger train has stopped at a station platform to let passengers alight, any movement of the train without sufficient warning before a reasonable time has elapsed to permit passengers to alight or board the train, which results in injury to any such passenger, is a violation of the duty the carrier owes passengers, whether the movement of the train be performed with ordinary care or negligently.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216–1243; Dec. Dig. § 303.*]

2. CARRIERS (§ 318*)—INJURY OF PASSENGER—NEGLIGENT MOVEMENT OF RAILWAY TRAIN.

In an action against a railroad company to recover for an injury to a passenger, the complaint charging that "the engineer carelessly, negligently, and without warning gave the train a sudden start" after the train had stopped at a station, by which plaintiff was thrown against the railing, the evidence held insufficient to show that the movement of the train was with such unusual violence as would amount to negligent operation, unless under the circumstances it was negligence to move it at all without warning.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1307–1314; Dec. Dig. § 318.*]

3. CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.

Whether the stopping of a railway train after a station has been called, but before it reached the platform, and the starting again without warning to passengers, was negligence which rendered the company liable for the injury of a passenger who had started to alight, was a question of fact, to be determined by the jury, in an action to recover for the injury, on consideration of all the attendant circumstances which may affect the questions of defendant's negligence and plaintiff's contributory negligence; such movement of the train not being negligent as matter of law.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.*]

Appeal from the United States Court for the Central District of the Indian Territory.

Action by J. A. Page against Midland Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Edgar A. De Mueles, for appellant.
Foster & Dalton, for appellee.

CAMPBELL, District Judge. This is a case tried before statehood in the United States Court for the Central District of Indian Territory, at Poteau, wherein the plaintiff, now defendant in error, recovered judgment against the defendant, now plaintiff in error, and appeal was take to the Court of Appeals for Indian Territory, and before determination thereof by that court statehood intervened, and the case comes here for decision.

It is alleged in the complaint that on July 4, 1905, the plaintiff purchased from the defendant's agent at Stigler a round-trip ticket

from that station to Ft. Smith; that he boarded defendant's train at Stigler the same day, and proceeded to Ft. Smith, returning to Stigler that evening; that, on returning, when the train arrived at Stigler, the brakeman or conductor of the train called, "All out for Stigler!" and the train stopped; that he arose to leave the train, and that when he reached the railroad platform the engineer carelessly and negligently and without warning gave the train a sudden start, causing the injury of which he complains; that he did not have time to get off the train from the time it stopped until it started again.

From these allegations it would appear that the act complained of was the failure of the defendant to give plaintiff reasonable time to alight from the train after stopping at the station at Stigler. The proof, however, offered by the plaintiff, shows conclusively that the train first stopped short of its usual stopping place at the station platform by about a car length, or at any rate at a point such that the rear coach, in which plaintiff was riding, was not up to the platform by about that distance. The testimony of plaintiff is that he arose from his seat at the first stop, and had only made one or two steps when the train started. Another of plaintiff's witnesses says that she had just arisen from her seat preparatory to alighting when the train started. Others fix the length of the first stop at a few seconds only. Whatever plaintiff may have thought at the time, it is clear the first stop, if there was, in fact, more than one stop, was not the final stop of the train for the discharge of passengers, but was merely incident to the efforts of the engineer to place the coaches at the platform, and from miscalculation or some other cause he brought the train to a standstill short of the proper place, and immediately, before the passengers generally had begun to alight, pulled the train up a car length or so, to where the station stop was finally made. There is, therefore, the variance between the plaintiff's pleadings and proof that, while the theory of his complaint is that he was not given reasonable time to alight, the theory of his proof is that by the calling of the station, and the subsequent stopping of the train short of the platform, he was induced to believe that the regular station stop had been made, and therefore was walking down the aisle of the car when a sudden jerk threw him against the railing of the car. Where a passenger train has stopped at a station platform to let persons alight, any movement of the train without sufficient warning before a reasonable time has elapsed to permit passengers to alight or board the train, which results in injury to any such passenger, is a violation of the duty the carrier owes passengers, whether the movement of the train be performed with ordinary care or negligently. Herstine v. Lehigh Valley R. Co., 151 Pa. 244, 25 Atl. 104; Goold v. N. Y., etc., 59 Misc. Rep. 36, 111 N. Y. Supp. 1106; President v. Cason, 72 Md. 377, 20 Atl. 113; Yazoo v. Humphrey, 83 Miss. 721, 36 South. 154.

But that is not this case as made out by the proof; for, whatever plaintiff may have thought, it is clear, from the testimony of his own witnesses, that the train had not finally stopped for the station. Then, if there is any liability, it must appear that the movement of the train was done in such a violent and unusual manner as to amount to negligence, or that the fact that the train made the momentary stop, after

the calling of the station and just before reaching the platform, was sufficient to justify plaintiff in believing the train had stopped for the station, and his consequent arising and walking down the aisle of the car, and that the circumstances were such that the persons in charge of the train should have anticipated that the momentary stop might mislead passengers into believing that the train had stopped for the station, and cause them to attempt to alight, thus placing themselves in dangerous positions, and therefore should have warned the plaintiff and other passengers before starting the train. It is clear that, had plaintiff remained in his seat, as some other passengers for Stigler did, he would not have been injured. The complaint charges that "the engineer carelessly, negligently, and without warning gave the train a sudden start, throwing him against the railing," etc. Taken in connection with the whole complaint, it is doubtful if this charges negligence, in that the start was an unusually violent one. The interpretation consistent with the theory of the complaint is that it charges negligence, not in the character of the movement of the train, but in the fact that any unannounced movement of the train was made at that particular time. Be that as it may, there is nothing in the proof showing it to have been of such unusual violence as would, under the authorities, amount to negligent operation. St. Louis & S. F. R. Co. v. Gosnell (Okl. 1909) 101 Pac. 1126, 22 L. R. A. (N. S.) 892; Saxton v. Missouri Pacific Ry., 98 Mo. App. 494, 72 S. W. 718; Birmingham, etc., v. Parker, etc., 156 Ala. 251, 47 South. 138; Choate v. San Antonio, etc., 90 Tex. 82, 36 S. W. 247; Hirsch v. Union Ry. Co., 48 Misc. Rep. 527, 96 N. Y. Supp. 333; Bartley v. Metropolitan, 148 Mo. 124, 49 S. W. 844; Foley v. Boston, etc., 193 Mass. 332, 79 N. E. 765, 7 L. R. A. (N. S.) 1076; Bollinger v. Interurban, 50 Misc. Rep. 293, 98 N. Y. Supp. 641; Kiefer v. Brooklyn, etc., 111 App. Div. 404, 97 N. Y. Supp. 842; Young v. Missouri, etc. (Mo. App.) 84 S. W. 176.

Then, unless under the circumstances it was negligence to move the train at all without a warning to plaintiff, no liability attaches to the defendant.

Over defendant's objection, the court gave the jury this instruction:

"It is contended by the plaintiff that, when the train arrived at Stigler, it was announced by the proper officers of the train that they were about to stop at Stigler, giving to the passengers notice of the stopping of the train, and that the train did stop. Now, passengers would have the right to believe that the place the train did stop was Stigler, and it was the duty of the company to inform them that that was not Stigler, and that the train was going to move up. It is claimed by the plaintiff that this was not done, and that he believed it to be at the platform at the place where the train was announced to stop, and that he started to get off, and while on his feet, going out at the back door, the engineer gave the train a sudden jerk forward, which threw the plaintiff against the railing and broke his ribs. Now, gentlemen of the jury, if the accident occurred that way, then the plaintiff is entitled to recover at your hands."

Exception was saved, and it is urged here as error. This instruction tells the jury that if the train stopped before the regular station stop, and after the station was called, passengers would have the right to believe that it was the regular station stop, and, without regard to

any of the attendant circumstances, it was then the duy of defendant's servants to warn passengers before starting the train.    This is erroneous: First, because it takes away from the jury the determination of the question as to whether or not, under the particular circumstances, persons in charge of the train should have anticipated plaintiff's action.    Plaintiff lived near Stigler.    He had taken the train at that station that morning.    Presumably he was familiar with the location of the depot, the platform, and surrounding objects, streets, etc.    It was about 8 o'clock on a July evening, not very light and not very dark, as one witness says.    Others in the train bound for Stigler saw that they had not reached the station platform, and remained in their seats until the second stop.    In the light of these circumstances, it should have been left for the jury to say whether the defendant's servants should have anticipated that the momentary stop might, under the circumstances, mislead the plaintiff into believing the train was at the platform and had made its station stop.    Second, because it also takes from the jury the question of the contributory negligence of the plaintiff, which, by defendant's answer, was made an issue in the case. It was for the jury to say whether the plaintiff was justified in believing that the station stop had been made, for unless he believed, and was justified in believing, that the station stop had been made, the jury might reasonably have found that he was negligent in walking down the aisle with his back to the engine, thus inviting injury, should the train start while he was in that position.    As said in Mitchell v. Chicago, etc., 51 Mich. 236, 16 N. W. 388, 47 Am. Rep. 566:

"We cannot discover anything in the record to indicate that there was any act or omission not incident to the constant usage of the road, or indicating fault. The starting of the train after such a stoppage is an incident plainly contemplated by law. The company, as held in some of the cases above cited, cannot be expected to treat its passengers as children, or to put them under restraint. Passengers must take the responsibility of informing themselves concerning the everyday incidents of railway traveling, and the company could not do business on any other basis. This case does not differ in principle from those in 28 and 38 Mich., and it resembles some of the others very closely. The law does not affix any responsibility for injuries purely accidental, and that is, in our judgment, the utmost that can be asserted on the facts presented, if plaintiff was not herself negligent."

See, also, Minock v. Detroit, etc., 97 Mich. 425, 56 N. W. 780.

The court also charged the jury:

"The calling of the name of the station and the stopping of the train at or near its usual place of stopping is an invitation by agents of the road to alight, and any person attempting to alight under such conditions is not negligent."

To this charge exceptions were saved by defendant, and it is urged here as error.    Here the jury is told that, if the train stops near its usual stopping place after the calling of the station, it is an invitation to alight, and any person attempting to alight under such circumstances is not negligent.    As, under the foregoing instruction, this also ignores all the circumstances which might attend a stop near the usual stopping place, but not the station stop, and which, as we have seen, did attend the stop charged in this case, circumstances which very reasonably might have led the jury to believe that, notwithstanding the

momentary stop, the plaintiff was not justified in believing it to be the regular stop.

As said in Smith v. Railroad Co., 88 Ala. 538, 7 South. 119, 7 L. R. A. 323, 16 Am. St. Rep. 63:

"We deduce, when the name of the station is called, and soon thereafter the train is brought to a standstill, a passenger may reasonably conclude that it has stopped at the station, and endeavor to get off, unless the circumstances and indications are such as to render it manifest that the train has not reached the proper and usual landing place."

See, also, Davis v. Kansas City So. Ry. Co., 75 Ark. 165, 86 S. W. 996.

In the case of Dilburn v. Louisville, etc., 156 Ala. 238, 47 South. 214, the court said:

"The court erred in sustaining the objection to the question to the witness Owens, 'How long had he lived that near the depot?' The fact that the deceased had lived within 200 yards of the depot for a long or short time would have a tendency to throw some light on the question as to whether he was familiar with the place where he attempted to alight, and that would have some bearing on the point as to whether it was negligent in him to make the attempt. K. C. & B. R. R. Co. v. Matthews, 142 Ala. 298, 39 South. 208, 212 (second column)."

See, also, Diggs v. Louisville, etc. (C. C. A., 6th Cir.) 156 Fed. 564, 84 C. C. A. 330, 14 L. R. A. (N. S.) 1029.

Other assignments of error are urged; but this opinion will not be prolonged by their consideration, as the case must be reversed for the errors already considered.

The judgment of the trial court is reversed, and the cause is ordered placed upon the trial docket of this court for new trial.