PAULINE COHEN and MAX COHEN, Plaintiffs, *v.* SURFACE TRANSPORTATION CORPORATION OF NEW YORK, Defendant.

City Court of New York, Bronx County, June 29, 1936.

*Jacob Tepper*, for the plaintiffs.

*A. T. Davidson* [*J. J. O'Connell* of counsel], for the defendant.

SCHACKNO, J. Pauline Cohen was a passenger on the defendant's bus which it operated along Pelham parkway, New York county and city. When Mrs. Cohen entered the bus all the seats were occupied; she proceeded to the rear thereof, grasped the back of

---

* Civ. Prac. Act, § 788, added by Laws of 1935, chap. 630.

the last cross seat and stood in the bus; it proceeded for a few blocks and then came to a stop at an intersection; it started again, and in doing so gave a jerk, so as to cause Mrs. Cohen to lose her grip, resulting in her falling to the floor, and as a consequence thereof receiving the injuries complained of. At the close of the plaintiffs' case the complaint was dismissed; decision was reserved on the motion to set aside such dismissal.

Jerks and other movements are necessary to the operation of buses; describing a jerk, as Mrs. Cohen did, as a violent one, is insufficient of itself to permit of an inference that the same was caused by negligence. (*Hirsch* v. *Union Ry. Co.,* 48 Misc. 527; *Flynn* v. *Interborough R. T. Co.,* Id. 529; *Needham* v. *Interborough R. T. Co.,* Id. 522.) In the instant case there was no direct evidence of what the operator of the bus did or omitted to do in starting it, or that he did anything more than was necessary to properly start it. To permit of an inference of negligence, plaintiffs were obliged to prove by direct evidence that the way in which the bus was started was negligent, or by what appeared to have taken place as a physical fact showed negligence on the part of the operator of the bus. (*Flynn* v. *Interborough R. T. Co.,* supra.) This they failed to do. That the jerk was of a character so as to cause Mrs. Cohen to lose her grip, does not change the situation and is not sufficient evidence to prove the negligence of the defendant; neither could a fair inference be drawn that the bus was improperly started by reason of the fact that while Mrs. Cohen was in a standing position, the jerk caused her to lose her grip; the fact that the equilibrium of another passenger of the bus was somewhat disturbed, is not sufficient to hold that the jerk was caused by the negligence of the defendant, in the absence of evidence, showing that such other passenger was taking care of himself, so as to prevent his being overbalanced by any change in the motion of the bus. (*Flynn* v. *Interborough R. T. Co.,* supra.)

That a passenger of a bus is at times in a greater or less degree shaken by the sudden starting and stopping thereof, is a matter of common knowledge and experience, and is to be expected to occur until science invents something to prevent it; "violent jerks" without evidence of negligence is not sufficient to raise a question of fact to be submitted to a jury. (*Nelson* v. *Lehigh Valley R. R. Co.,* 25 App. Div. 535; 37 id. 631; affd., 165 N. Y. 635.)

The authorities cited by the plaintiffs are clearly distinguishable.

The number of actions that are before this court for damages for personal injuries caused by jerks in starting and stopping buses should prompt the owners thereof to see that their motormen are more throughly instructed in starting and stopping buses,

The motion to set aside such dismissal must be, and it is, denied.